WYMAN, Respondent, *vs.* CITY OF ST. LOUIS, Appellant.

1. Under the eighth subdivision of the second section of the first article of the act of 1845, concerning "Revenue," where a building is used in part for a school house, and in part for other purposes, it is not exempt from taxation. There cannot be a separate assessment for that portion which is used for other than school purposes.

## *Appeal from St. Louis Circuit Court.*

*John C. Richardson,* for appellant. It was obviously the policy and object of the legislature, in enacting the clause of the statute, by virtue of which exemption is claimed, to encourage education ; but it is well settled that, whenever a special exemption from certain general duties is contained in a statute, it is not expounded according to the rule of liberal construction. 19 Ohio, 115. The fact that the plaintiff derives a large revenue from renting the most valuable portions of the house for purposes having no connection with his school, prevents him from claiming that any portion of it is exempt from taxation. The property is not divisible for purposes of assessment and taxation. To hold otherwise would produce great inconvenience and confusion in the administration of the revenue act.

*M. L. Gray,* for respondent. The first section of the sixth article of the state constitution requires the legislature, the courts, and the officers in all the other departments of the state government, to forever encourage, in their respective spheres, schools and the means of education. It was the intention of the legislature, in passing the second section of the first article of the revenue act of 1845, to carry out this requirement of the constitution. It is the use of a structure as a school house, or for the purposes of education, which exempts it from taxation. If thus used, it is exempt so long and so far as it is so used. The fact that portions of the building are used for other purposes, can have no other or greater effect than to make such portions taxable.

SCOTT, Judge, delivered the opinion of the court.

This was a proceeding in the nature of an injunction, to restrain the collection of a tax imposed by the city of St. Louis on a building belonging to the respondent, called "Wyman's Hall. Wyman's Hall contained four stories. The third and fourth of these were occupied for school purposes. The second floor was occasionally used for purposes connected with the school; at other times it was rented for various purposes. The first floor was rented for stores, with the exception of a passage to the stories above. There was a back yard connected with the building, which was used by the inmates of the school. Wyman received fifteen hundred dollars rent for the first floor, and supposed as much was received for the second floor, rented for concerts, &c. The third and fourth stories would rent for as much as was received for the first and second. The tax imposed on the entire property was two hundred and sixty-four dollars and fifty cents. Wyman, after paying half this amount, applied for an injunction to restrain the collection of the other half. The city was enjoined as to the remaining half, and she appealed.

1. The second section of the act concerning the revenue enacts, that school houses and other buildings for the purpose of education, with their furniture and equipments, with the land appurtenant thereto, and used therewith, so long as the same shall be used for that purpose, are exempted from taxation. The same section exempts from taxes, churches, chapels and other public buildings for religious purposes. It would be a matter of regret, if the general assembly of the state should suppose, that the exemption of school houses from taxation would be a part performance of the duty imposed by the constitution, of encouraging schools and the means of education. The aid that would be afforded by such means would be so insignificant, that we would be scarcely justified in attributing such an exemption to any influence produced by the provision of the constitution to which reference has been made. We can-

not say that the enactment in question has any connection with the encouragement of the means of education enjoined by the constitution. It should rather be attributed to that sense in every man of the propriety and fitness in forbearing the exercise of the power of taxation on places set apart and devoted to the worship of God, and the diffusion of light and knowledge among men. Being retreats, quiet and undisturbed, dedicated to noble purposes, the law should never manifest itself within their walls, but in acts of kindness and beneficence. But when religion and learning are mingled with trading and trafficking—with fiddling and singing, they are presented in an attitude which lessens the respect with which they are regarded in their appropriate places. Equality is equity, and when one claims an exemption from a burden to which all others are subject, and whose freedom will increase their load, he must clearly show himself in the situation which entitles him to the exemption claimed. This is not a case in which different owners are possessed of different floors of the same house. There is but one owner for the entire building, and it is in his power to control the uses to which it shall be subject. If the use of a part of a building, as a school house, will exempt it from taxation, then, it being a school house, it should not be sold for the non-payment of taxes. Indeed it cannot be. But if the part occupied for other purposes, should be in arrears for taxes, would not the school house exempt it too from sale? If this is so, then the construction of the act contended for would enable property holders to place it beyond the power of the law to enforce the collection of the taxes due upon it. School houses are the buildings exempted from taxation. Is Wyman's Hall a school house? How many of the people of St. Louis know that a school is kept within it? Yet most of them are aware that it is used for other purposes. The intent of the owner, in building the house, cannot determine its character. It is admitted that the house is subject to taxation; can the officer assess it but according to its value? There is no mode pointed out by which part of a house can be assessed and not

the remainder. Such a proceeding is no where contemplated by the statute. It must produce difficulty and embarrassment. Judge Ryland concurring, the judgment is reversed and the bill dismissed. Judge Gamble dissents.