THE MECHANICS' BANK v. THE CITY OF KANSAS.

1. **Exemption from Taxation.** The State cannot withdraw a statutory exemption from taxation once given, unless the right so to do is reserved at the time.

2. **Injunction against Illegal Taxation.** Injunction is the proper remedy to prevent the sale of real estate for taxes, the levying of which is prohibited by law.

*Appeal from Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

REVERSED.

*Cline, Jamison & Day* for the Bank.

The well established doctrine is, that neither the legislature nor the courts have any power to vary or impair charter rights. *Lionberger v. Rowse*, 43 Mo. 67, 82; *Home of the Friendless v. Rouse*, 8 Wall. 437; *State Bank v. Knoop*, 16 How. 369; *Wilmington R. R. Co. v. Reid*, 13 Wall. 266; *Pacific R. R. Co. v. Maguire*, 20 Wall. 36. The charter was granted subject to the provisions of section 7, chapter 34, Revised Statutes 1845, which reserved to the legislature the right to alter, amend or repeal every charter which it should thereafter grant. But neither the constitution of 1865, (Art. 11, § 16,) has deprived the bank of its exemption from taxation. *Scotland Co. v. Ry. Co.*, 65 Mo. 135. Nor have sections 1, 2, 3, chapter 11, General Statutes 1865, page 95; Sedgwick on Stats., 123; *Williams v. Pritchard*, 4 T. R. 2; *State v. Minton*, 23 N. J. L. 529; *Blain v. Bailey*, 25 Ind. 165; *Delaware, etc., Canal Co., v. Coal Co.*, 21 Pa. St. 42; *Fosdick v. Perrysburg*, 14 Ohio St. 485; *St. Louis v. Alexander*, 23 Mo. 484.

*Wash Adams* and *C. E. Small* for the city.

Injunction is not the proper remedy. *Sayre v. Tompkins*, 23 Mo. 443; *Barrow v. Davis*, 46 Mo. 394; *McPike v. Pew*, 48 Mo. 525. It is only in case taxes are voidable by reason of some defect in the proceedings levying or assessing the same that a sale would cast a cloud. No such claim is made here. The taxes, if void at all, are void on their face, and a purchaser would not get even a *prima facie* title, and the remedy at law is complete. *Van Doren v. Mayor*, 9 Paige 388; *Van Rensselaer v. Kidd*, 4 Barb. 17; *Bouton v. Brooklyn*, 15 Barb. 393; *Robinson v. Gaar*, 6 Cal. 273; *Bucknall v. Story*, 36 Cal. 67; *Dean v. Madison*, 9 Wis. 402. Plaintiff's charter required it to dispose of all real estate not used for banking purposes as soon as practicable. The evidence does not show the bank tried in good faith to do this. It held on for speculative purposes. The charter does not exempt or make it unlawful for either the State or any city to levy taxes upon the real estate of plaintiff not used in and necessary for the transaction of its banking business. *Central R. R. Co. v. Burlington*, 28 Vt. 196; *State v. Mansfield*, 23 N. J. L. 510; *Worcester v. R. R. Co.*, 4 Met. 564; *Railroad Co. v. Berks Co.*, 6 Barr (Penn.) 70; *State v. Collectors*, 24 N. J. L. 315; *State v. Newark*, 25 N. J. L. 519; *Tucker v. Ferguson*, 22 Wall. 527; *Gardner v. State*, 21 N. J. L. 557; *State v. Hancock*, 33 N. J. L. 315; *State v. Flavell*, 24 N. J. L. 370; *State v. Blundell*, 24 N. J. L. 405; *Railroad Co. v. Shacklett*, 30 Mo. 550; *Wilmington R. R. Co. v. Reid*, 13 Wall. 264. Laws exempting from taxation are to be construed strictly. *Lexington v. Aull*, 30 Mo. 480; *Pacific R. R. Co. v. Cass Co.*, 53 Mo. 17; *St. Joseph v. R. R. Co.*, 39 Mo. 476. It will be noticed that both section 32 of the act of March 2nd, 1857, and section 12 of the act of March 18th, 1861, under which the exemption is claimed, refer only to the "banks" organized under the general banking act of March 2nd, 1857. Neither refers to

the branch banks. Now there was a great difference between a bank and a branch bank. The latter act made them entirely different institutions; made their capital stock distinct. No stockholder of the bank could, by virtue thereof, have any voice in the affairs of the branch bank, and *vice versa.* The branch had its officers and board of directors separate and distinct from the parent bank. And still further, these sections referred only to banks organized under the act of March 2nd, 1857. Now plaintiff, so far as it had legal organization, existence and powers as a banking or branch banking institution at Kansas City, got them, not from the act of March 2nd, 1857, but from the act of November 20th, 1857, entitled, "An act to amend the charter of the Mechanics' Bank."

NORTON, J.—This is a suit in chancery, the purpose of which was to enjoin and restrain defendant from selling certain real estate of plaintiff for the payment of taxes assessed ,and levied thereon by the City of Kansas for the years 1867, 1868, 1869, 1870, 1871, 1872, 1873, 1874 and 1875. Upon the hearing of the cause the court made the injunction perpetual as to all taxes for the year 1873 and years prior thereto, and dissolved the same as to the taxes of 1874 and 1875. From this judgment and decree both parties have appealed to this court.

It appears from the record before us that in 1859 a branch of the Mechanics' Bank was established at Kansas City, and that plaintiff, through it, as well as through the parent bank, which was located in St. Louis, did business till 1873, when the parent bank alone continued in business, and the active business at said branch ceased, although the building used by the branch bank when in active business was still used, up to the time this cause was tried, in liquidating the business of the branch and winding up its affairs. The taxes in question were levied upon the land in Kansas City on which plaintiff's branch bank building was situated, and also upon land in said city which had

been acquired by the bank on foreclosure of mortgages upon the same, which had been given for the security of debts contracted with the bank for advancements of money in the regular course of its banking business. The evidence showed that plaintiff had put on the market and endeavored to sell said real estate, but were unable to sell.

It is claimed, as the ground of the relief prayed for by plaintiff, that the levy of the above taxes was void by reason of the following statutory provisions, viz: "In consideration of the privileges granted by this act to the banks incorporated in this State, each banking company agrees to pay to the State annually, one per cent on the capital stock paid in by the stockholders other than the State, which shall be in full of all bonus and taxes to be paid to the State by the respective banks," * * § 32, art. 1, Acts 1856–7, p. 22. "The one per cent required to be paid by section 32, of article 1 of said (first mentioned) act shall be received as full compensation for all taxes of every kind whatever, and it shall not be lawful for any county, city or town corporation to levy or collect any tax of any kind upon or from any of the banks organized under said law." § 12, Acts 1861, p. 13. The language of the above provisions is perfectly free from ambiguity, and constitutes and creates a contract between the State and plaintiff bank, in effect exempting plaintiff from all liability to pay any other tax than one per cent on its capital stock, and prohibiting any county, city or town corporation from levying or collecting any tax upon or from plaintiff. That such contracts are binding, and that neither the law-making power, except when the right is reserved to modify, change or repeal, nor the courts, have the power to vary or impair them, is abundantly and clearly shown by the following authorities: *State Bank of Ohio v. Knoop*, 16 How. 369; *Lionberger v. Rowse*, 43 Mo. 67, 82; *Home of the Friendless v. Rouse*, 8 Wall. 437; *Pacific R. R. Co. v. Maguire*, 20 Wall. 36; *Wilmington R. R. Co. v. Reid*, 13 Wall. 266. In the last of the above cited cases Justice

1. EXEMPTION FROM TAXATION.

Davis observed: " That it has been so often decided by this court that a charter of incorporation granted by a a state creates a contract between the state and corporators which the state cannot violate, that it would be a work of supererogation to repeat the reasons on which the argument is founded. * * If the contract (one exempting a corporation from taxation) is plain and unambiguous, and the meaning of the parties to it can be clearly ascertained, it is the duty of the court to give effect to it, the same as if it were a contract between private persons, without regard to its supposed injurious effects upon the public interests." Applying this principle to the present case, we think it clear, that instead of the partial relief granted to plaintiff by the trial court, it should have been full and complete as prayed for in the bill, and that error was committed by the court in refusing so to decree.

It is insisted by counsel for defendant that, conceding the levy of the taxes in question was void, no relief can be INJUNCTION afforded by injunction, and to sustain this AGAINST ILLEGAL TAXATION. view we have been cited to the case of *Sayre v. Tompkins*, 23 Mo. 443, and other cases following it. These cases have no application to the case before us. In all of them the proceeding was to enjoin the sale of personal property for a void tax, and the court denied the relief on the ground that the remedy in such cases was adequate and complete at law. In the case in hand the sale of real property, whereby a cloud, if the sale were made, would be cast on the title, is sought to be forbidden, and in all such we have uniformly held that relief would be granted by injunction. *Lockwood v. St. Louis*, 24 Mo. 20; *Fowler v. St. Joseph*, 37 Mo. 228; *Leslie v. St. Louis*, 47 Mo. 474. The other objections made by counsel for defendant may be disposed of by saying that they are as groundless as the one we have just noted. The judgment will be reversed and cause remanded, with directions to

the circuit court to enter up a decree in conformity here-with, and in accordance with the prayer of the petition. All concur.