THE STATE *ex rel.* HUEY v. THE CAPE GIRARDEAU COURT OF COMMON PLEAS.

**Mandamus to Compel Final Judgment.** Where a trial court re-fuses to act upon a motion, and simply orders the case to be "dropped from the docket," this court will issue its writ of man-damus to compel it to proceed to final judgment.

*Mandamus.*

PEREMPTORY WRIT AWARDED.

*Lewis Brown* for relator.

It was the duty of the court below to proceed to a final disposition of the case. *State v. Newkirk*, 49 Mo. 474; *Overall v. Ellis*, 38 Mo. 209. No appeal or writ of error lies to an order to strike a cause from the docket. The remedy is by mandamus. *Astor v. Chambers*, 1 Mo. 192; *Franciscus v. Martin*, 9 Mo. 196.

*Hamilton G. Wilson*, respondent, *pro se.*

SHERWOOD, C. J.—The case of Catherine Huey against Grigg M. Huey, was determined by this court, and the judgment in favor of the defendant reversed and the cause remanded. 65 Mo. 689. It appears now, that prior to that cause being submitted to this court, Catherine Huey had died, and that prior to her death she had conveyed her homestead in the land to Thos. M. Huey. No suggestion of the death of Catherine Huey was made in this court, but with that matter the lower court has no concern. Nor was any such suggestion made to the lower court, till after

The State ex rel. Huey v. The Cape Girardeau Court of Common Pleas.

Thos. M. Huey was, on his own motion, substituted as party plaintiff in the room and stead of Catherine Huey, commissioners appointed to set off a homestead, and a report of such commissioners filed, setting off such homestead. After that, the death of Catherine Huey was suggested in the lower court, and it was suggested that such death had occurred as before stated; and it was further suggested that the order substituting Thos. M. Huey had been erroneously made, because the personal representatives of said Catherine had not been brought before the court, when such substitution took place. After these suggestions, the lower court was moved by Grigg M. Huey, to reject the report of the commissioners, because the judgment of reversal was a nullity, as, in consequence of the death of Catherine Huey, no proper parties were before this court. The death of Catherine Huey, as stated, was admitted. The motion was granted and the report rejected. At the next term a motion was filed by Thos. M. Huey to approve the rejected report, which motion was denied. At a subsequent period, perhaps during the same term, Thos. M. Huey filed another motion to re-refer the order of the court to other commissioners to set aside the homestead of the plaintiff. This motion the court refused to act on, but ordered the cause to be "dropped from the docket." It is unnecessary to pursue the subject further. Nor is it necessary to determine whether or not Thos. M. Huey was properly substituted as party plaintiff. It is sufficient to say that the duty of the lower court will not have been fully discharged until it shall have made a final disposition and determination of the cause. We, therefore, shall award a peremptory writ. All concur.