NORTH ST. LOUIS GYMNASTIC SOCIETY, Respondent, v. N. C. HUDSON, Appellant

### June 6, 1882.

1. Injunction is the proper remedy to prevent the sale of real estate for illegal taxes whereby a cloud would be cast upon the title.

2. A school building exempted from taxation "so long as it is used only for the purposes of education" is not made taxable by the renting of a room therein for other purposes, where the proceeds thereof are used exclusively for the benefit of the school.

APPEAL from the St. Louis Circuit Court, THAYER, J. *Affirmed.*

LEVERETT BELL, for the appellant: The petition does not state a cause of action. Its purpose is to restrain the tax collector from enforcing a tax-bill against real estate, on the alleged ground that the taxes included in the bill were illegally assessed. These averments furnish no ground for the interposition of a court of equity, and do not entitle plaintiff to relief by injunction. — *Dorris* v. *Rosenblatt,* 6 Mo. App. 601. The charter of plaintiff exempts its property to the extent of $50,000 from taxation, " as long as said property is used only for purposes of education." The fact that plaintiff leases one part of the building destroys the claim to exemption ; and the result is not changed by the further fact that the rents are applied to the support of the institution.— *Wyman* v. *St. Louis,* 17 Mo. 335 ; *College* v. *The State,* 19 Ohio, 110 ; *Chapel* v. *Boston,* 120 Mass. 212.

Collier & Muench, for the respondent: Injunction is the proper remedy in all cases of illegal taxation upon real estate, as in the present instance. — See *Mechanics' Bank* v. *City of Kansas*, 73 Mo. 559, and cases there cited. The property exempted is used for the purposes of education. — *The State ex rel.* v. *Powers*, 10 Mo. App. 263; s. c. 74 Mo. 476

Bakewell, J., delivered the opinion of the court.

This is a proceeding to enjoin the collection of taxes for 1881, levied upon real estate described in the petition. The court made a decree in accordance with the prayer of the petition.

There is no dispute about the facts, which are as follows:

Plaintiff is incorporated under a special act of the legislature, approved February 12, 1864, for the purpose of educating children in gymnastics and the elementary branches of education, and the act provides that personal and real property of the institute shall be exempt from taxation, " as long as said property is used only for the purposes of education," provided the value thereof does not exceed $50,000. The tax-bill in question is for $197.86, and is for state, city, and school taxes for 1881, and is levied upon the real and personal property of plaintiff, worth less than $50,000, on southeast corner of Fourteenth and Salisbury Streets, St. Louis, where plaintiff carries on a gymnastic school, according to its charter. The personal property owned by plaintiff is devoted wholly to the conduct and purposes of said school. Upon the real estate in question, plaintiff has erected a two-story brick building, paying for about one-half thereof out of sums realized on shares of stock issued pursuant to its charter, as also some other means, and the other half then remaining as a debt of the society. The entire second floor, and a large part of the first floor of the building, are used and occupied in the conduct of the school, and two corner rooms on the first floor

are let by plaintiffs at a monthly rental paid to it, for a sa-
loon and store respectively. This monthly rental is used by
plaintiff in defraying the legitimate expenses of conducting
the school, paying the salaries of teachers (so far as this
expense is not met by the voluntary contributions of the
members), keeping the building in repair, and in discharging
the indebtedness incurred by the association in erecting the
building. Of this indebtedness $6,000 remains unpaid, and
is a lien upon the premises.

1. The petition states a good cause of action. Injunc-
tion is the proper remedy to prevent the sale of real estate
for illegal taxes, whereby a cloud would be cast upon
the title. *Mechanics' Bank* v. *City of Kansas*, 73 Mo. 559.

2. This case is not like that of *Wyman* v. *St. Louis* (17
Mo. 335), where the plaintiff derived a revenue for his per-
sonal benefit from the whole building, renting some stories
of the building for stores and concert halls, and occupying
the third and fourth floors only for his private school. We
think with the learned judge of the trial court, that it comes.
within the reasoning of the supreme court and of this court
in *The State ex rel.* v. *Powers* (10 Mo. App. 263 ; s. c. 74
Mo. 476).

So far as the corporation is concerned, it uses the entire
building only for purposes of education. By its charter,.
the corporation can pay neither interest nor dividends, so
that the members can derive no benefit from the rent of the
rooms, which must necessarily be used for the support of
the school and for the educational purposes contemplated
by the legislature in granting the charter and the exemp-
tion. The association is purely a benevolent one.

The case of *Trustees, etc.*, v. *City of Boston* (101
Mass. 212), we regard as not being in point, because that
case is decided upon the peculiar language of the Massa-
chusetts statute, which requires that the real estate of lit-
erary and charitable institutions, to be exempt, should be-
long to the institutions, and "be occupied by them or their

officers for the purposes for which they were incorporated."
Under this provision, the supreme court of Massachusetts
held that lodging-houses built on the corporation grounds,
and rented to tenants at the usual rates, were not exempt,
though the proceeds were devoted to the charitable uses
named in the charter, and this, for the obvious reason that
such lodging-houses were not "occupied by the corporation
or its officers."

In Ohio, the statute of exemption under construction, in
*Cincinnati College* v. *The State* (19 Ohio, 110), expressly
provides that the buildings, to be exempt, "shall not be
leased, or otherwise used with a view to profit."

It might be said, in one sense, that a school building in
which the janitor lived, with his family or alone, was not
used solely for the purposes of education, but that as to the
room occupied by the janitor, it was used for the purpose
of lodging, eating, and sleeping. Nevertheless, such a
building would not cease to be used solely for the purposes
of education within the meaning of the exemption clause in
this charter. And we think it is no forced construction,
but the natural and obvious construction of the language of
plaintiff's charter, to hold that the claim to exemption is
not destroyed where the building is occupied as a school,
except as to two rooms, the rent of which is applied, and
by the terms of the charter must be applied, to the pur-
poses of the school carried on in the building.

The judgment is affirmed. All the judges concur.