THE NORTH ST. LOUIS GYMNASTIC SOCIETY V. HUDSON,
*Collector, Appellant.*

1. **Injunction:** ILLEGAL TAXES: CLOUD UPON TITLE. Injunction is the proper remedy to prevent the sale of real estate for illegal taxes, whereby a cloud would be cast upon the title.

2. **School Building, Exemption from Taxation.** A school building exempted from taxation "so long as it is used only for the purposes of education" is not made taxable by the renting of a room therein for other purposes, where the proceeds thereof are used exclusively for the benefit of the school. *

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Leverett Bell* for appellant.

Plaintiff's charter exempts its property to the extent of $50,000 from taxation, "as long as said property is used only for purposes of education." The fact that plaintiff leases one room in the building for a saloon and another for a store, destroys the claim to exemption, and the result is not changed by the further fact that the rents are applied to the support of the institution. *Wyman v. St. Louis,* 17 Mo. 335; *College v. State,* 19 Ohio 110; *Chapel v. Boston,* 120 Mass. 212. The case presented is not within the doctrine of *State ex rel. Alexian Brothers v. Powers,* 74 Mo. 476. The rule is that exemptions from taxation are to be construed strictly. The court below proceeded in a contrary direction. *Cleveland Library v. Pelton,* 36 Ohio St. 253: 1 Desty on Taxation, 119; *Christian Association v. Donohugh,* 13 Phila. 12.

---

* These syllabi are taken from 12 Mo. App. 342.

*Hugo Muench* for respondent.

(1) This court should not deviate from its former decisions as to what constitutes a binding contract between state and corporation, and which so firmly established the doctrine in this state, subsequent to the *Dartmouth College* case, as well as *Washington University v. Rowse*, 8 Wall. 440. See *Mechanics' Bank v. Kansas City*, 73 Mo. 558; *State ex rel. v. Powers*, 74 Mo. 476; s. c. 10 Mo. App. 263. There is an effort to distinguish this case from that of *State ex rel. v. Powers*, 10 Mo. App. 264; s, c. 74 Mo. 476; by the assertion that in the latter case, "the tax exemption was sustained on the ground that the business of conducting the hospital was a *charity*, notwithstanding payment was received from some of the inmates thereof," and then intimating that the objects of our institution are not charitable. That this argument rests in fallacy is shown by Adam's Equity, 172; *Am. Academy v. Howard*, 12 Gray 582, 594; *State v. Academy of Science*, 13 Mo. App. 216. (2) It is undisputed that the personalty taxed in this bill is used by no one except the society, and it is difficult to tell upon what theory it could have been properly assessed.

EWING, C.—This was a proceeding to enjoin the collection of taxes for 1881, levied on the real estate described in the petition. The circurt court made a decree in accordance with the prayer of the petition. The defendant appealed to the St. Louis court of appeals where the judgment of the circuit court was affirmed. The defendant then appealed to this court.

The plaintiff was incorporated by an act of the legisture of the twelfth of February, 1864, "for the purpose of educating children in gymnastics and the elementary

branches of education," and provides for holding property, personal and real, which shall be exempt from taxation "as long as said property is used only for the purposes of education, provided, the value thereof does not exceed fifty thousand dollars," and "said stock not to pay interest or dividends." The tax bill was for state, city, and school taxes for 1881, and the bill was levied upon the real and personal property of the plaintiff, worth less than $50,000, in St. Louis, where plaintiff carries on a school according to its charter. The personal property owned by plaintiff is devoted wholly to the conduct and purposes of said school. Upon the real estate, plaintiff has erected a two story brick building, paying for about one-half thereof, out of money arising from subscriptions issued pursuant to the charter, as also some other means; and the other half remaining a debt of the society. The entire second floor and a large portion of the first floor of the building, are used and occupied in the conduct of the school, and the two corner rooms on the first floor are let by plaintiffs at a monthly rental paid to it. This monthly rental is used by plaintiff in defraying the legitimate expenses of conducting the school, paying salaries of teachers, so far as this expense is not met by the voluntary contributions of the members, keeping building in repair and in paying debts of the association incurred in the building, of which last, to-wit: building debt, there remains unpaid $6,000, which is a lien on the building.

These are the facts. We are of opinion that the court of appeals (12 Mo. App. 342), covered the whole controversy and decided correctly, and we adopt their opinion, and affirm their judgment. Martin, C., concurs; DeArmond, C., dissents.