THE STATE *ex rel.* LUCAS *et al.* v. THE ST. LOUIS COURT OF APPEALS.

1. **Mandamus.** While mandamus is the appropriate remedy to set the machinery of a court in motion, yet it will not direct the performance of any particular judicial act.

2. ———. Mandamus will not lie to compel the St. Louis court of ap-

peals, on an appeal to it, from a judgment awarding an execution against a stockholder in a corporation, to proceed to determine the propriety of the judgment, although such court erroneously affirmed the judgment on the ground that the motion was not preserved in the bill of exceptions, although contained in the transcript.

## Mandamus.

WRIT DENIED.

*W. H. Clopton* for relator.

(1) The statute does not require such motions to be in writing. R. S., sec. 736. (2) The motion for judgment is not filed for the purpose of reviewing the proceedings of the circuit court in rendering judgment against the B. & D. Bank in favor of Kohn, and is different in every essential part from a motion for a new trial. (3) The evidence having been preserved by bill of exceptions, and thus made part of the record, and an exception having been saved to the order for execution, and the order (judgment) having been thus made part of the record, there is enough . before the court for a review of the finding of the circuit court. (4) It has been the uniform practice of the profession, in preserving exceptions to the proceedings under this motion, to treat it as an independent proceeding. (5) This is a proceeding by motion ; it differs from a proceeding by petition.

*H. I. D'Arcy* and *J. P. Maginn* for respondent.

(1) The motion not being in the bill of exceptions, there is nothing before this court for review. *United States v. Gamble*, 10 Mo. 457 : *Christy v. Myers*, 21 Mo. 112 ; *Hannibal v. Railroad Co.*, 37 Mo. 338 ; *Corby v. Tracy*, 62 Mo. 512 ; *Jefferson City v. Opel*, 67 Mo. 395 ; *McCarthy v. McGinnis*, 76 Mo. 344 ; *Insurance Co. v. Hill*, 12 Mo. App. 148 ; *Ober v. Railroad Co.*, 13 Mo. App. 84 ; *Bank v. Fletcher*, Mo. App. No. 2902 ; *State*

*v. Gee*, 79 Mo. 313.    And a motion against a stockholder is just as much a *motion* as any other motion.    *Webber v. Humphreys*, 5 Dillon, 322.    (2) If the case were to be reviewed the judgment should be affirmed ; as, whether the distributees of the Lucas estate have title to the stock or not, the defendants having tried to work a fraud on the statute by preventing the passing of the title, are estopped to claim that they did not succeed in retaining it.    Lowell on Transfer of Stock, 88 ; 1 Lindley on Partnership, 128 (top) Ed. Ewell ; *Taylor v. Taylor*, L. R. 10 Eq. 477 ; *Bowden v. Johnson*, 107 U. S. 261 ; Thompson on Stockholders, p. 150, sec. 129.    (3) The defendant is liable, even if there was distribution ; and that, too, for the whole amount.    The policy of the statute does not require a creditor to proceed against each of several co-owners of stock for his fractional proportion as shown by private agreement among themselves.    1 R. S., sec. 737 ; *Insurance Co. v. Hill*, 12 Mo. App. 148 ; *Bray v. Seligman*, 75 Mo. 31.

BLACK, J.—Kohn recovered judgment against a corporation.    After execution returned *nulla bona*, he filed his motion for execution against the relators, Lucas & Johnson, owners of unpaid stock.    From the judgment awarding an execution against them, they appealed. The court of appeals affirmed the judgment on the ground that the motion was not preserved in the bill of exceptions, though contained in the transcript.

Mandamus is the appropriate remedy to set the machinery of the courts to which it is addressed, in motion, but it will not direct the performance of any particular judicial act.    The subordinate tribunal will be left free to give its best judgment.    The scope and province of the writ is to prevent a failure of justice from delay or refusal to act, when addressed to a court acting judicially. *State ex rel. Adamson v. Lafayette County Court*, 41 Mo. 222 ; *Trainer, etc., v. Porter et al.*, 45 Mo. 338.    Nor

will it lie to correct the errors of inferior tribunals by annulling what they have done erroneously. *Dunklin Co. v. District Court*, 23 Mo. 453; 1 Den. 644; 20 Wend. 658; 10 Pick. 244.

Still, the contention is that the court of appeals refused to go into the merits of the case depending before it, because of an erroneous view of a matter of practice preliminary to the consideration of the cause, and that in such cases mandamus will lie. One of the cases cited in support of relators' position, is that of *State ex rel. Huey v. Cape Girardeau Court of Common Pleas*, 73 Mo. 560. There the court ordered the cause "dropped from the docket." That was a refusal to proceed to final judgment, and the writ was awarded on the general principles before stated. The same may be said of *Cowan v. Fulton, J.*, 23 Gratt. 579. The distinction contended for was recognized in *Castello v. St. Louis Circuit Court*, 28 Mo. 259, which was a proceeding under a statute to contest the election of an officer, and it was held, Scott, J., dissenting, that if the circuit court declined to go into the merits of the cause because of a want of the statutory notice, that presented a preliminary question of law which could be reviewed by mandamus, and if the court called for a notice not required a peremptory writ should go.

Whatever there may be in the distinction, or exception to the general rule, it can have no application in this case. Here the cause, by due course of law, went to the appellate court. That court took cognizance of the case and proceeded to dispose of it. The first matter for determination was to ascertain what questions were presented by the record. That involved a consideration of the sufficiency of the bill of exceptions, and the judgment in that respect called for the deliberation of the court the same as any other question arising in the cause. It was an essential step in the case. While the question thus far considered was suggested rather

than urged in argument for respondent, yet it is not to be overlooked, and while, in the opinion of this court, the motion for execution against a stockholder should be treated as a part of the record without being copied into the bill of exceptions, still, for the reasons before stated, a peremptory writ is denied and demurrer sustained. The other judges concur.