THE STATE *ex rel.* BAYHA v. PHILIPS *et al., Judges Kansas City Court of Appeals.*

1. **Appellate Practice:** DISMISSAL OF APPEAL. Where, after judgment for defendants in an action to annul certain tax-bills, plaintiff perfects an appeal, the defendants cannot, in the appellate court, after submission and before . decision, abate the action and dismiss plaintiff's appeal by cancelling the tax-bills ; it appearing that plaintiff rejected the proffered satisfaction and that he was prosecuting the suit in the interest of other persons against whose property similar tax-bills had been issued, as well as in his own behalf, for the purpose of obtaining an adjudication upon the legality of the tax-bills.

2. **Equity :** VOID TAX-BILL : CLOUD UPON TITLE. When tax-bills have been issued by a city for the purpose of building a sewer, and which are void because the city, under its charter, had no power to build the sewer, but which, nevertheless, are an apparent lien upon the property and a cloud upon the title, equity will grant relief by declaring them null and void.

3. **Practice, Civil :** TRANSFER OF PLAINTIFF'S INTEREST : ABATEMENT OF SUIT. Where a plaintiff, pending a suit to remove a cloud from the title to certain real estate, sells the same, it is competent for him, under the provisions of Revised Statutes, section 3671, to continue to prosecute the suit, and it does not abate.

4. **Equity :** CLOUD UPON TITLE. Plaintiff, in a suit to remove a cloud upon the title to real estate, is entitled to such a thorough disposition of the case as will protect him even against nominal damages and costs.

5. **Supreme Court :** COURT OF APPEALS : MANDAMUS. The superintending control of the courts of appeals, by *mandamus,* given to the supreme court by section 8 of the amendment to the constitution (Acts 1883, p. 216), is not limited to the single instance where a cause may be certified to the supreme court. It is as broad as the exigency of the case demands.

The State ex rel. Bayha v. Philips.

6. —— : —— : ——. Where a court of appeals has plainly erred on a point of practice, either by misapprehending its own rules or a plain rule of law, and in consequence has dismissed an appeal, *mandamus* will lie from the supreme court to correct and remedy the erroneous and arbitrary exercise of its discretion, notwithstanding it has acted.

### *Mandamus.*

WRIT AWARDED.

*Gage, Ladd & Small* for relator.

(1) This court has superintending control over the courts of appeals by *mandamus*, etc..; Amend. Const. sec. 8; Acts 1883, p. 216. (2) The Kansas City court of appeals exercised appellate jurisdiction solely in the case of *Bayha v. Taylor*, and the only duty of the court was "to examine the record and award a new trial, reverse or affirm the judgment or decision of the circuit court, or give such judgment as such court ought to have given, as to them shall seem agreeable to law." R. S., sec. 3376. (3) The court, by entertaining the motion, took cognizance of matters outside the record in the case, constituting no part of its appellate jurisdiction; matters of original instead of appellate jurisdiction. (4) The court, by sustaining the motion, refused to perform the plain duty imposed upon it by law in the premises. (5) When a court, exercising either original or appellate jurisdiction, dismisses a case pending before it, for reasons insufficient in law, it will be compelled by *mandamus* to reinstate and decide it. *Astor v. Chambers*, 1 Mo. 191; *Miller v. Richardson*, 1 Mo. 310; *Castello v. Circuit Court*, 28 Mo. 259; *Ex parte Cox*, 10 Mo. 742; *State ex rel. v. Court of Common Pleas*, 73 Mo. 560; *State ex rel. v. Laughlin*, 75 Mo. 358; *State ex rel. v. Knight*, 46 Mo. 83. (6) The matters contained in the motion of respondents in the court of appeals constituted no bar

to the prosecution by Bayha of his appeal, and no release by him of the errors alleged and assigned in the case. It did not amount to a release or waiver of errors founded upon any settlement or adjustment of the claim, as was the case of *Carson's Adm'r v. Suggett's Adm'r*, 34 Mo. 364.

*Lathrop & Smith* and *Karnes & Krauthoff* for respondents.

(1) A ruling dismissing an appeal cannot be reviewed on *mandamus*. High Ext. Leg. Rem. [2 Ed.] secs; 173, 191, 247; *Railroad v. Franks*, 55 Mo. 325; *State v. Lubke*, 15 Mo. App. 152, 172; s. c., 85 Mo. 338; *Potter v. Todd*, 73 Mo. 101; *Ex parte Johnson*, 25 Ark. 624; *Goheen v. Meyers*, 18 B. Mon. 423; *State ex rel. v. Court of Appeals*, 87 Mo. 374; *People v. Weston*, 28 Cal. 639; *Treadman v. Wright*, 4 Nev. 119; *School District v. Circuit Judge*, 49 Mich. 432; *Ewing v. Cohen*, 63 Tex. 482; *Hempstead County v. Grove*, 44 Ark. 317. *Mandamus* will not lie to compel a court to dismiss an appeal, even though the ruling of the inferior court on the motion will be final, and there is consequently no other remedy. *Rex v. Justices*, 2 Chitty, 257; *Miltenberger v. County Court*, 50 Mo. 172. (2) The respondent court has acted; it has rendered a judgment, final in form, and the case mentioned in the alternative writ is no longer pending before it, nor subject to any judgment it might render. High. Ext. Leg. Rem. [2 Ed.] secs. 188, 189; *Dunklin County v. District Court*, 23 Mo. 449; *Trainer v. Porter*, 45 Mo. 336, 339; *State v. County Court*, 68 Mo. 29, 48; *State v. Court of Appeals*, 87 Mo. 374; *Ex parte Schwab*, 98 U. S. 240; *Ex parte Perry*, 102 U. S. 183, 186. *Mandamus* is never granted "for the purpose of undoing what has been done." *Ex parte Burtis*, 103 U. S. 238; *Ex parte Nash*, 15 Q. B. 95; *People v. Judges*, 20 Wend. 658; *Elkins v. Athearan*, 2 Denio, 195. (3) "The superior court cannot

interfere to regulate the practice of an inferior court, because every inferior court is the proper judge of its own practice." *Ex parte Morgan*, 2 Chitty, 250 ; *King v. Justices*, 4 B. & Ald. 86.   (4) When the matter of which the plaintiff in any particular case complained is removed, or no longer exists, "the issues of the case are dead ;" and the court in which the case is pending will decline to determine merely to see "whether the defendant did have the right claimed. *Foucher v. Grass*, 60 Ia. 507 ; *Adkinson v. Tabor*, 7 Col. 195, 197. So ruled where the suit involved a slave who was emancipated before judgment. *Kidd v. Morrison*, 1 Phil. Eq. [N. C.] 31 ; *State v. Railroad*, 74 N. C. 287 ; *State v. Brown*, 1 Mo. App. 449. Where respondent consents in writing that the judgment of the circuit court shall be reformed in the particulars complained of by the appellant, the appeal will not be considered. *York County v. Fewell*, 21 S. C. 106.   (5) When a defendant complies fully and unconditionally with each and every demand of the plaintiff, and pays all the costs of the case, he is entitled to a discontinuance of the action.   (6) This right can be exercised at any time before the rendition of final judgment. The principle on which the proceeding depends is such that the court will make the order of its own motion and though both parties should ask for a decision. *Groves v. Richmond*, 53 Ia. 570. Want of pecuniary interest in the plaintiff is a good reason for such an order. *Block v. Barton*, 27 La. An. 89. This will be done without regard to time, before or after submission. *Ditch v. Sennott*, 116 Ill. 288. Whenever the fact is brought to the attention of the court. *Hoskins v. Lord Berdsley*, 4 Term R. 402 ; *In re Elsam*, 3 Barn. & Cres. 597.   (7) The superintending control vested in the supreme court over the courts of appeal, does not extend to control the exercise of its ordinary judicial functions. "Where the decisions of the St. Louis court of appeals are final, they are

clothed with all the majesty of the law which surrounds those of the supreme court." *Missouri. v. Lewis*, 101 U. S. 22, 33.

SHERWOOD, J.—The relator, John Bayha, brought a suit in the circuit court of Jackson county against William Taylor and the Armour Brothers Banking Company, asking for judgment declaring null and void two tax-bills issued by the city engineer of the City of Kansas, against property owned by Bayha, to Taylor, in payment for the construction of a district sewer, and held by the banking company as collateral security. Bayha claimed in this suit that these tax-bills were invalid, because the city had no authority under its charter to cause the sewer to be built, but that they were, nevertheless, an apparent lien against the property and a cloud upon his title. The circut court dismissed the petition upon a hearing of the case, and Bayha appealed to the Kansas City court of appeals. Errors were assigned and joined in by the parties, and the case was duly submitted to the court for its decision, and was taken under advisement. While the case was in this position, the respondents, Taylor and the banking company, filed in court, against the objections of Bayha, their suggestion and motion, stating that they had caused the tax-bills, regarding which complaint was made in the suit, to be cancelled by the city engineer in his office, and had deposited them, marked *paid*, with the clerk of the court for the use of Bayha, and had paid all the costs which had arisen or might arise in the suit, and moving the court to abate and strike from the docket Bayha's appeal. Bayha resisted the motion, and showed by affidavits that he had not paid the tax-bills, and that he rejected and refused to accept the proffered satisfaction ; that he was prosecuting the suit in the interest of other property-owners against whose property similar bills had been issued,

and who were contributing to the expenses of the suit, as well as in his own behalf, for the purpose of obtaining an adjudication upon the legality of the proceedings under which the sewer was built; that the object of his suit was to have the bills cancelled as void *ab initio*, and that he was entitled to an adjudication upon that issue, and that the recent offer of satisfaction was not equivalent to such adjudication, and that he had, during the pendency of the suit, conveyed the property and covenanted generally that the same was subject to no incumbrance whatever, and he demanded that the court proceed and decide the case. The court, however, sustained the motion, and dismissed the appeal.

This is an original proceeding in this court, by which it is sought to compel the Kansas City court of appeals to reinstate a cause which it had refused to hear and determine, and had stricken from its docket. The statement heretofore made sufficiently gives the facts which are to form the basis of the present adjudication. Those facts present for determination two salient questions : First, whether this court, proceeding on the basis of the admitted facts, has the power to control the action of the Kansas City court of appeals in the manner relator demands; and second, whether the facts pleaded by the defendants, in order to induce the action afterwards taken by the Kansas City court of appeals, were such as fully warranted the course taken by that court, and therefore destroyed all ground of complaint on the part of the relator and all occasion for invoking the mandatory authority of this court. These questions, for obvious reasons, will be considered in inverse order.

As already stated, the relator, by his petition filed in the circuit court, sought to have declared void two tax-bills, on the ground that, being apparently valid and apparently a lien upon his property, they were a cloud upon his title. After hearing the cause, the circuit court dismissed the petition, and the relator

appealed to the Kansas City court of appeals where the cause was submitted on briefs and argument. After such submission, the defendants pursued the course already indicated, and the point presents itself, whether their action justified the action taken by the Kansas City court of appeals, in striking the cause from the docket.

The subject is not altogether free from difficulty. Cases have been instanced to justify the course taken by the court of appeals. Thus, it has been ruled that if a party against whom the decree went in the trial court appealed, and pending the appeal availed himself of that decree, by accepting and receiving a large portion of the money deposited to his use, that, upon the matter being brought to the attention of the appellate court, in the proper way, that he would not be permitted to maintain h is appeal. *Atkinson v. Tabor*, 7 Colo. 195. So, too, in *York County v. Fewell*, 21 S. C. 106, both parties took an appeal ; but pending those appeals, the attorney for the adverse party served a written notice upon the defendant's attorneys, consenting to a reformation of the judgment, and it was thereupon held, that, owing to the concession thus made, the appeal of the defendant was disposed of, since the offer made conceded to him all he could obtain by a judgment sustaining his appeal.

In North Carolina, litigation sprang up regarding a slave ; pending that litigation, all slaves were by law emancipated and it was ruled that the bill must be dismissed, as there was nothing left before the court but a mere hypothetical case. *Kidd v. Morrison*, 1 Phil. Eq. 31. Another cause in that state was ruled upon in a similar way. *State v. Railroad*, 74 N. C. 287. And in still another cause in that state, where it appeared that the parties had settled their differences, before final submission in the appellate court, the

appellant failed to prosecute his appeal and upon sug-
gestion being made of the facts by respondent, on his
motion the appeal was dismissed. *Hasty v. Fun-
derburk*, 89 N. C. 93. To the like effect is *Schenck v.
Lincoln*, 17 Wend. 566.

In *Faucher v. Grass*, 60 Ia. 505, the plaintiff pro-
cured a decree enjoining the defendants from carrying
on the blacksmithing business on a lot adjacent to his
dwelling, and from this decree the defendants appealed.
Pending such appeal, the shop alone was sold by the
sheriff, and at the sale C. & H. bought the shop, but did
not desire to have the blacksmithing business continued,
nor did they desire to prosecute the appeal, or to have
the same prosecuted for their benefit, the lot alone being
owned by one of the defendants, and as the present
owners of the shop proposed to submit to the decree,
and as the defendants had no longer any interest in the
shop, the court refused to determine or adjudicate their
rights in the matter, holding that the issues in the cause
were dead.

Other cases have been instanced where appeals
have been dismissed, because after appeal taken, the
plaintiff had purchased the interest of the defendants,
and were thus representing adverse interests and con-
ducting the appeal on both sides in the appellate court.
*Wood Paper Co. v. Heft*, 8 Wall. 333; *Cleveland v.
Chamberlain*, 1 Black. 419. And cases have also been
instanced where, after submission in the appellate court,
the amount due in one of a number of causes has been
paid and in that cause the writ of error has been dis-
missed. *San Meteo Company v. Railroad*, 116 U. S.
138. *Dakota Company v. Glidden*, 113 U. S. 222, was a
case where the writ of error was dismissed because the
parties settled and compromised their matters of differ-
ence, by making a new agreement which extinguished
the judgment appealed from. It is needless to cite other
authorities on behalf of respondents, since those already
cited are but types of others.

None of them, however, are exactly parallel to the case under discussion. This is no colorable appeal, no moot case, no case which has been compromised or settled ; but a case where an offer has been made to the plaintiff by parties defendant ; an offer which has been rejected ; an offer which does not go the whole length of the plaintiff's demand, but an offer which falls far short of that ; an offer which virtually confesses that he is right in his contention, but which seeks to head him off to preclude him from attaining *all* he demands. After great consideration of the subject, the conclusion has been reached that the offer made was insufficient, and did not, therefore, extinguish the plaintiff's ground of equitable relief. Nothing short of that will answer. *The plaintiff had the right to have the full measure of the relief he claimed, or else, by a solemn adjudication of the court, to know the why and the wherefore of the refusal which denied him redress in full of his demand.* He had the right to make the demand he did, and it was out of the power of the defendants to prevent adjudication of the matters demanded, except by a concession as broad as that demand. In that event, and that event only, would the issues in the cause be *dead.* It would be making a precedent of most dangerous consequence to rule otherwise ; in short, it would be sanctioning a *colorable dismissal.*

And the special tax-bills, though void, being an apparent lien upon the land, furnished ample ground for the relief plaintiff sought. It has frequently been decided by this court that injunction will lie to enjoin the sale of land whereby a cloud would be cast on the title. *Mechanics' Bank v. City of Kansas,* 73 Mo. 555, and cas. cit.; *North St. Louis Gymnastic Society v. Hudson,* 85 Mo. 32 ; *Hays v. Dowis,* 75 Mo. 250. See also, *Harrington v. Utterback,* 57 Mo. 519, and cas. cit. And whatever facts furnish basis for an injunction in such cases will also furnish basis for having the tax-bill declared void, it being optional with the plaintiff which branch of equitable relief he will seek.

And Bayha, having sold the land after the commencement of the suit, and after appeal taken, it was competent for him, under the provisions of section 3671, to continue to prosecute the suit, and it did not abate. *Smith v. Phelps*, 74 Mo. 598.

It has been suggested that, in any event, the plaintiff's statutory covenant, if broken at all, was broken upon the delivery of his deed (*Walker's Adm'r v. Deaver*, 79 Mo. 664, and cas. cit.) and that there could be no recovery from him by his grantee of but nominal damages, and that, as this would leave nothing but costs involved, an appellate court would not entertain jurisdiction upon that sole ground. Granting the correctness of this position, it only enforces the argument that plaintiff was entitled to insist that the court should make such a thorough disposition of the whole cause as would protect him even against nominal damages or costs ; as would do full and complete justice between the parties, before it relaxed its grasp on the *res*, and its jurisdiction of the cause. *Real Estate Sav. Inst. v. Collonious*, 63 Mo. 290. Besides, there is respectable authority for saying that the grantor of land, with warranty, has such an interest therein as entitles him, to protect his warranty, to maintain a bill to remove a cloud on the title of the land granted. *Ely v. Wilcox*, 26 Wis. 91 ; *Malins v. Brown*, 4 Comst. 403 ; *Owen v. Raul*, 16 Ala. 130.

As the result of these views, it must be ruled that the plaintiff, notwithstanding the offer made by the defendants, was entitled to have his cause heard and determined by the court of appeals, and that error occurred in striking it from the docket.

II. This brings up for determination the question whether, in the circumstances mentioned, the law furnishes the plaintiff any remedy, and if so, what that remedy is. As we have no appellate jurisdiction over the court of appeals, the only remedy, if remedy there be, is

by virtue of our original jurisdiction. Section 8 of the amendment to the constitution gives this court "superintending control over the courts of appeals by *mandamus*, prohibition, and *certiorari*." The provisions of this section, so far as concerns the present enquiry, do not materially differ from similar provisions in the constitution of 1875, sec. 3, art. 6. The control thus given to this court, over the courts of appeals, is not limited to the single instance where a cause may be certified to this court under the provisions of section 6, of the amendment adopted in 1884. The contention that it must thus be limited cannot prevail. The case of *Britton v. Steber*, 62 Mo. 370, is cited in support of that contention, and it was also cited for a similar purpose in *State ex rel. v. Tracy*, 94 Mo. 217, but it was not allowed to prevail there. The control granted to this court, in the particulars mentioned, is fettered by no restriction or limitation ; it is as broad as the exigency of the case demands, and the same reasoning which would confine our issuance of a writ of *mandamus*, in cases like the present, to the single case mentioned in section 6, *supra*, would also confine our issuance of writs of prohibition and *certiorari* within the same narrow limits. There is nothing in the constitution or its amendments to warrant such a limited construction.

This view of the matter leaves open to discussion the question whether *mandamus* ought to go in the case at bar. There is, perhaps, no subject in the whole range of jurisprudence, where the decisions of different courts, and frequently of the same court, are so conflicting as upon the subject of the writ of *mandamus*, as to when the writ shall issue. As Chancellor KENT would say, the law on the subject is in a state of "painful vibration." It is said in a recent text-book of merit, that the writ will not lie to compel subordinate courts to reinstate appeals which they have dismissed. High Extr. Leg. Rem. (2 Ed.) secs. 191, 247. Among the

The State ex rel. Bayha v. Philips.

cases cited are the following: *Ex parte Newman*, 14 Wall. 152, was one where the district court had tried the cause and rendered judgment for $712, a cause over which it had no jurisdiction, and on appeal the circuit court reversed the decree and dismissed the libel, because of the Prussian consul's exclusive jurisdiction, and it was held by the supreme court that *mandamus* would not lie to compel the circuit court to entertain jurisdiction of the cause on appeal. It will be observed of that case that the circuit court had acted, and that no writ of error or appeal lay to the supreme court, because the amount in controversy was less than $2,000, and this is so stated in the opinion.

In the subsequent case of *Ins. Co. v. Comstock*, 16 Wall. 258, a case arose in the district court under the bankrupt act, and was decided by that court and the amount authorized an appeal to the supreme court. The case was taken on error to the circuit court, but that court refused to hear the cause on account of lack of jurisdiction, and dismissed the writ, and on error the case was taken to the supreme court, where that court ruled that the circuit court *erred*, in not taking jurisdiction of the cause; that, owing to this not having been done, the cause could not be reviewed on error by the supreme court, but that *mandamus* was the appropriate remedy to compel the circuit court to reinstate the cause and to proceed and determine it, CLIFFORD, J., who had delivered the opinion in the former case, remarking in substance that the writ would go to compel the circuit court to proceed to final judgment in the cause, in order that the supreme court could exercise its power of review given by law, citing, with approval, *Ex parte Bradstreet*, 7 Pet. 647, where, in similar circumstances, a like ruling was made through Chief Justice MARSHALL, the amount involved being also within the jurisdiction of the supreme court. A similar ruling was made in *Railroad v. Wiswall*, 23 Wall. 507.

In *Ex parte Schollenberger*, 96 U. S. 369, the circuit court, in which the suit was brought, because of opinion it had no jurisdiction, quashed the process, and it was held that *mandamus* would lie to compel it to reinstate and hear the cause, as it had jurisdiction, though it had erroneously decided to the contrary.

In *Harrington v. Holler*, 111 U. S. 796, the supreme court of a territory dismissed a writ of error because of failure to docket the cause in time, and *mandamus* was granted on the grounds that there was no final judgment, and that the dismissal of the writ was a refusal to hear and decide the cause.

But, in *Ex parte Brown*, 116 U. S. 401, where the supreme court of a territory, on a cause being moved there by appeal, on motion of the defendant, dismissed the appeal because the action was at law and could only be reëxamined on error, the supreme court held that it was a final adjudication, and that *mandamus* would not lie, citing, in support of the ruling, *Ex parte Morgan*, 114 U. S. 174, where *mandamus* was refused to compel the circuit court to amend a judgment, which it had rendered, and had refused on motion to amend.

In *Ex parte Parker*, 120 U. S. 737, the supreme court of a territory improperly dismissed an appeal, because it was not duly taken and perfected, but the supreme court ruled otherwise, and compelled the lower court to reinstate the cause and to hear and determine the appeal, MATHEWS, J., remarking that, the "writ properly lies in cases where the inferior court refuses to take jurisdiction where by law it ought so to do, or where, having obtained jurisdiction in a cause, it refuses to proceed in the due exercise thereof."

The case of *State ex rel. v. Wright*, 4 Nev. 119, announcing that if the district court improperly dismisses an appeal from a justice's court on the ground that the notice of the appeal was not duly stamped, *mandamus* would not issue to compel that court to reinstate the cause and try it on the merits, seems to have

been overruled, or greatly shaken by the more recent case of *Floral Springs Water Co. v. Rives*, 14 Nev. 431.

In *Ex parte Lowe*, 20 Ala. 330, it was ruled that if an inferior court makes an order which is in plain violation of the legal rights of one of the parties, and by virtue of such order refuses to proceed further in the case, *mandamus* will go to compel the vacation of such order.

In *People ex rel. v. Weston*, 28 Cal. 639, an appeal was dismissed upon a similar ground as that decided in 4 Nev. *supra*, and *mandamus* was denied. A like ruling was made in *Francisco v. Ins. Co.*, 36 Cal. 283. But in *Beguhl v. Swan*, 39 Cal. 411, where the county court, on motion of the defendant, struck a cause from the calendar, on the ground that it had no jurisdiction, *mandamus* went to compel it to hear and determine the cause. In a still later case in that state, where the superior court dismissed an appeal because of the insufficiency of the bond taken by the justice, it was ruled that that court could not give itself jurisdiction by holding an insufficient bond sufficient, nor divest itself of jurisdiction by holding a sufficient bond insufficient, but that the order of dismissal must first be annulled by *certiorari* before *mandamus* could be awarded. *Levy v. Superior Court*, 66 Cal. 292.

In New Jersey, there is an apparent diversity of opinion on the subject exhibited, but it is believed to be only apparent. In *Wells v. Stackhouse*, 2 Harr. 355, where there had been delay in entering an appeal, as required by the rules of the lower court, and in consequence of this delay that court refused to allow the appeal to be entered, *mandamus* was denied to compel the entry of the appeal, the supreme court remarking that the rule was reasonable, but that if the lower court had acted contrary to, or in disregard of, their own rules, or evidently misapplied them, the result would have been different. In *Sinnickson v. Corwin*, 2 Dutch. 311,

a similar ruling was made. But in *Ferguson v. Kays*, 1 Zab. 431, where an appeal was improperly dismissed, although the lower court acted according to the letter of the rule, but not according to its spirit, *mandamus* was granted, and the ruling in *Wells v. Stackhouse, supra*, explained, as resting on the great delay in entering the appeal. So also, in *Freas v. Jones*, 1 Harr. 358, where an appeal, improperly dismissed, was ordered by *mandamus* to be reinstated. To the like effect are *Robins v. Bounel*, 1 Harr. 234, and *Adams v. Mathis*, 3 Harr. 310. In *Commonwealth v. Judges*, 3 Binney, 273, a writ of error lay to the dismissal of the appeal, and consequently it was no case for *mandamus*, so that what was there said about *mandamus* was wholly *obiter*.

In *Cowan v. Doddridge*, 22 Gratt. 458, where a circuit court struck a cause from its docket, *mandamus* issued. *People v. Judges*, 20 Wend. 658, holds that, where an appeal was improperly dismissed for insufficiency of bond, *mandamus* would not lie, however erroneous the dismissal. In *People ex rel. v. Judges*, 27 Mich. 303, *mandamus* went to compel the reinstating of a cause, the appeal having been improperly dismissed. In Arkansas, where the circuit court, without any basis laid therefor, improperly entered an order continuing the cause, it was contended that, as the court had acted, its action could not be reviewed except by writ of error; but the supreme court ruled otherwise, holding that it was an abuse of judicial discretion to continue the cause, and *mandamus* was awarded. *Dixon v. Field*, 10 Ark. 243.

Where a cross-bill was improperly dismissed, the chancellor having erred as to the proper practice in dismissing the cross-bill before the hearing of the original bill, the statute on the subject being plain and peremptory, *mandamus* was granted to compel the setting aside of the order of dismissal, and the restoration of the cross-bill on the docket. *Ex parte Thornton*, 46

Ala. 384. In Kentucky, it has been ruled that *mandamus* does not lie where lower court has dismissed an appeal. *Coheen v. Myers*, 18 B. Mon. 423. But in that case an appeal lay from the order of dismissal of the quarterly sessions ; and so the remarks as to when *mandamus* should issue were not pertinent.

The same diversity of opinion as to when the action of the lower courts, in dismissing appeals, can be corrected by *mandamus*, is exhibited in England as in this country. These numerous citations of authorities have been made as showing that the rule of law is by no means well settled that the improper dismissal of an appeal cannot be remedied by *mandamus*. The weight of the authority and certainly of reason would seem to say that, if the lower court has plainly erred on a point of practice, either by misapprehending its own rules or a plain rule of law, and in consequence has dismissed an appeal, *mandamus* will lie to correct and remedy the erroneous and arbitrary exercise of its discretion, notwithstanding it has acted. Tapping on Mand. 14. Of course, this line of remark is not intended to apply, nor can it apply, to cases like that of *State ex rel. v. St. Louis Court of Appeals*, 87 Mo. 374, where the court of appeals affirmed the judgment on the ground that the motion for judgment against a stockholder was not incorporated in the bill of exceptions ; for there a final judgment was rendered in the usual course of judicial procedure, and however great error was committed therein furnished no ground for *mandamus*.

There are cases where courts of last resort have no original jurisdiction to issue writs of *mandamus* to inferior courts, and can only issue such writs in the exercise of their appellate jurisdiction and in no other. This is true of the federal courts. *McIntyre v. Wood*, 7 Cranch, 504 ; *Bath County v. Amy*, 13 Wall. 244 ; *Graham v. Norton*, 15 Wall. 427 ; High Ex. Leg. Rem. sec. 29. And it is true, also, of some of the state courts.

*King v. Hampton,* 3 Hayw. 59; *State ex rel. v. Hall,* 3 Cold. 255; *Cowell v. Buckalew,* 14 Cal. 604; *State ex rel. v. Biddle,* 36 Ind. 138.

But as already shown, the constitution has conferred on this court more enlarged powers, and consequently the rulings on the point in courts of other jurisdictions, not possessed of such ample powers, can have no application here. And whatever the rulings of other courts may have been in respect to the issuance of writs of *mandamus,* the rulings of this court, heretofore made, establish that this court will award its writs of *mandamus:* Where the St. Louis court of appeals refused to take a bond for an appeal to this court on the ground that the appeal having been granted, that court had no further jurisdiction of the cause. *State ex rel. v. Lewis,* 71 Mo. 170. Where a circuit court refused to enter judgment on a verdict, but granted a new trial. *State ex rel. v. Adams,* 76 Mo. 605. Where a trial court ordered a cause to be " dropped from the docket." *State ex rel. v. Cape Girardeau Court of Common Pleas,* 73 Mo. 560. Where a trial court determined it had no jurisdiction of a criminal cause, by reason of the unconstitutionality of a statute and ordered the cause transferred to another court. *State ex rel. v. Laughlin,* 75 Mo. 358. To compel the judge of a trial court to enter a judgment on a verdict, which he had refused to receive, because the jury by that verdict found for the defendants, but required them to pay the costs. *State ex rel. v. Knight,* 46 Mo. 83. In *Castello v. Circuit Court,* 28 Mo. 59, it is said : " If the circuit court declined to go into the merits of the case because the party complaining had not given the notice required by the statute, that was a preliminary objection upon a point of law which this court can review upon a writ of *mandamus ;* and if the circuit court called for a notice which the statute did not require, the *mandamus* ought to be made peremptory." See also, *Miller v. Richardson,* 1 Mo. 310.

Taking the admitted facts of this cause into consideration, the duty of respondents was prescribed by law. R. S. sec. 3376. This duty admitted of no discretion, at least not of such an exercise of that discretion as would place it beyond the "superintending control" of this court. A peremptory writ will therefore be awarded as prayed. All concur, except BARCLAY J., not voting.