## The People ex rel. Robert Hosie v. The Judge of the Wayne Circuit Court.

*Mandamus: Service of declaration: Joint defendants.* Where suit is commenced by declaration against the maker and indorsers of a promissory note in the Circuit Court for the county where the indorsers reside, and service is first duly had in said county upon the defendants residing therein, and thereupon, by virtue of act No. 54 of 1869, (*Sess. L., 1869, p. 101*), service is made upon the maker, who resides in another county, by the sheriff of the county where said maker resides, and the Circuit Court, on motion, orders such service, as to said maker, to be set aside as unauthorized by said statute, mandamus will be. granted to compel said court to vacate said order. The defendants were joint defendants within the meaning of said statute.

*Heard and decided April 18.*

Motion for *mandamus*.

The petition' sets forth that on December 3d, 1870, relator commenced an action of *assumpsit* by declaration in the Circuit Court for the County of Wayne, against Elisha Harrington, John S. Gray, and Joseph Toynton; that the declaration contained the common counts in *assumpsit*, with a copy of a note attached, and the usual notice that on the trial the plaintiff will give such note in evidence (setting forth the notice and copy of the note which is for $185, dated December 18, 1868, payable six months after date, to the order of Messrs. Gray & Toynton, signed by E. Harrington, and indorsed by Gray & Toynton), afterwards a.

true copy of said declaration, with said notice and copy of note attached, and with a notice to appear and plead in due form indorsed thereon, was personally served on defendants, Gray and Toynton, in Wayne County, by the sheriff thereof, on the 3d day of December, 1870, as appears by the return of said sheriff, duly filed in said cause on March 21, 1871; that on December 21, 1870, relator caused the sheriff of Alpena County to serve defendant Harrington, in said Alpena County, where he then resided, with a copy of said declaration and notices and note, as appears by the return of said sheriff, filed in said cause on March 21, 1871; that on January 20, 1871, Harrington, by his counsel, moved to set aside said service upon him for the following reasons, viz: 1. That said defendant is not a joint defendant with the other defendants. 2. That the said declaration was served on said defendant in the county of Alpena, and not within the county of Wayne. 3. That said defendant was not lawfully served with said declaration, and the service thereof was and is insufficient, and not in compliance with the statutes of this state; that said motion was based upon the returns of service as above set forth, and upon an affidavit stating that: 1. The defendant then resided in said Alpena County, and had for three years then last past; 2. The plaintiff claimed to recover, as the only cause of action in said cause, on the note, a copy of which is given; 3. The said Harrington was the sole maker of such note, and the defendants, Gray and Toynton, were indorsers merely; that on April 3d, 1871, said court granted said motion, and ordered the service of said declaration made, as above set forth, upon said defendant Harrington to be set aside. The prayer was for a *mandamus* to compel said court to vacate said order.

The answer admits the facts stated, and adds that on the hearing of said motion it was, for the purposes of said motion, admitted and conceded, that there was no other

claim and no other joint contract than said note, and that the only liability was said note and indorsement, and submits that as said Harrington was not a joint contractor with said Gray & Toynton, and the service upon said Harrington was not made within the county of Wayne, and there being no statute authorizing such service upon him without the county, said order should not be vacated.

*Don M. Dickinson,* for the motion, cited *Sess. L., 1869, p. 101,* which enacts "That when an action on any contract or obligation or an action of ejectment or an action for trespass on lands or an action of trespass on the case for injuries to real estate shall have been or shall be brought in any Circuit Court of this state, against two or more joint defendants, one or more of whom shall not reside or be found in the county where the suit shall be brought, and one or more of the defendants shall be served with process or declaration in the county where suit is commenced, or property in his or their possession shall be attached in said county, the plaintiff in such action may sue out one or more writs of summons, or other writ whereby such suit was commenced, directed to the sheriff of the county where such defendants not so served may be found, or where the property liable to be attached may be, or he may cause a copy of the declaration filed in such case, with notice of the rule to plead, to be served on the defendants not elsewhere served in any other county in this state; and it shall be the duty of such sheriff to serve such process or declaration, or notice, and make return thereof to the county clerk of the county where the suit is commenced."

*D. C. Holbrook, contra.*

Prior to the acts of 1861 (*Sess. L., 1861, p. 485*), and 1869 (*Sess. L., 1869, p. 101*) a declaration could not be

served out of the county in which the suit was commenced,— *Turril v. Walker, 4 Mich., 177,*—except in cases noticed in *Cooley's Dig.,* § *2625.*

The act authorizing the joinder of maker and indorser does not make them joint defendants or joint debtors, as separate judgments may be rendered against each—*Comp. L.,* § *4170,*—and a judgment cannot be entered against a several maker or indorser not served; therefore they are not joint defendants.—*Comp. L.* § *4169.*

The acts of 1861 and 1869 using the word "joint," as to the character of defendants, means joint debtors, joint contractors, as to the service of process. Why use the words "*joint* defendants" instead of merely the word "defendant?" The object of this statute was that all *joint* contractors might be served, not that a separate action might in effect be prosecuted in this way when such action could not be sustained against such defendant alone.

It is evident that this action was brought against Gray and Toynton merely to get Harrington into court.•

THE COURT held that all persons authorized by law to be joined as defendants are joint defendants within the meaning of that term as used in said statute.

*Mandamus* granted.