(January 21, 1905.)

## HEITMAN v. MORGAN, JUDGE.
[79 Pac. 225.]

JURY PANEL—QUASHING ORDER AND DISCHARGING PANEL—JURISDIC-
TION—HOW ACQUIRED—EXCESS OF JURISDICTION—REMEDY BY CER-
TIORARI.

1. Where no appeal has been taken from an order of the board of county commissioners in selecting and listing names of persons to serve for the year as jurors under sections 3947 and 3948, Revised Statutes, and no direct attack has been made on grounds of fraud in the selection, the district court is without jurisdiction to quash a panel and discharge a jury on motion of the prosecuting attorney of the county where such motion is not made in any case pending and no litigant is complaining, and neither the commissioners nor the county represented by them are made parties to the proceeding.

(Syllabus by the court—Stockslager, C. J., dissenting.)

2. For the correction of the improper exercise of such excessive jurisdiction, the writ of *certiorari*, and not *mandamus*, affords the proper relief.

(Syllabus by the court—Sullivan, J., dissenting.)

ORIGINAL application in this court for a writ of mandate. Petition denied.

Charles L. Heitman, *pro se,* files no brief.

J. H. Wilson, County Attorney, C. W. Beale, John B. Goode, Earl Saunders, M. A. Folsom, J. L. McClear, A. A. Crane, F. L. Burgan, Edwin McBee and F. C. Jones, for Defendant, file no brief.

AILSHIE, J.—The petitioner, Charles L. Heitman, an attorney of this court, and an elector and taxpayer of Kootenai county, filed his application in this court, praying that a writ of mandate issue out of this court to Honorable R. T. Morgan, judge of the first judicial district of this state, commanding him to rescind and vacate an order made by him on the sixteenth day of November, quashing the panel of jurors returned to serve at the November term of said court, in and for Kootenai county, and to forthwith resummon and reconvene such jury and proceed with the trial of cases pending in said court. An alternative writ issued December 3, 1904, returnable December 8th, and the cause was thereafter heard upon the petition of the plaintiff and a motion of defendant to quash the alternative writ and his answer and return to the writ.

It appears that at the regular January, 1904, meeting of the board of commissioners of Kootenai county, that in compliance with the provisions of sections 3947-3948, Revised Statutes, the board selected a list of one hundred and fifty names and certified the same for jury service in the county during the year 1904. From this order there does not appear to ever have been any appeal taken. On the fourteenth day of November, 1904, the same being the first day of the November term of the district court in and for Kootenai county, T. H. Wilson, prosecuting attorney for Kootenai county, appeared before the court and filed his affidavit and motion praying the court to quash the panel and discharge the jurors summoned for that term of court. The motion was based upon the grounds that the jury list for the year 1904, had been illegally selected, in that the names had not been taken from the poll list as required by the Revised Statutes, but that, on the contrary, the commissioners and other county officers, met at Mr. Heitman's office prior to the regular board meeting and discussed the names of persons they consid-

ered eligible, competent and qualified to act as jurors from the different portions of the county, each and all of the persons present suggesting names, and that at said meeting the list of one hundred and fifty names were made out and thereafter typewritten by a stenographer who was in the employ of the plaintiff, and delivered to the board of commissioners. This was substantially the grounds of the motion. At the time the motion was made by the prosecuting attorney the plaintiff in this case appears to have been present in court, and without citing any person to appear, or making anyone a party to the proceeding, the court proceeded to hear the matter and take testimony from numerous witnesses who were produced, and after the hearing made his order sustaining the motion and quashing the panel and discharging the jurors. It should be observed that no case was on trial or called for trial when this motion was made, and no case had been set for trial, and that this motion was not made by any party litigant nor in any case pending before the court.

In the proceeding below there seems to have been some effort made to reflect upon the action and conduct of the plaintiff here, Mr. Heitman, who is a reputable and respected attorney of this court, and we deem it consonant with this proceeding to observe that there is nothing in the record that characterizes his conduct other than that of an honorable and upright citizen and lawyer.

Sections 3947 and 3948, Revised Statutes, provide the time and manner of preparing a jury list for the district court in each county for the year. Those sections are as follows:

"Sec. 3947. The board of commissioners of each county must, at their first regular meeting in each year, or at any other meeting, if neglected at the first, make a list of persons to serve as jurors in the district court of the county, for the ensuing year.

"Sec. 3948. They must proceed to select and list from the poll lists of the several precincts in their respective counties, last returned to the clerk of their board, the names of one hundred and fifty persons competent to serve as jurors; and in making such selection, they must take the names of such only as are not exempt from serving, who are in possession of their

natural faculties, and not infirm or decrepit, of fair character, of approved integrity, and of sound judgment; provided, that if, in any of the counties, the county commissioners shall not be able to select the number required by this section, for jurors, they may select a less number and the highest possible."

The first question which arises for our determination is whether or not the defendant as judge of the district court had jurisdiction and authority to hear and determine the regularity and legality of the jury list and panel drawn therefrom at the time and in the manner he assumed to act. By the provisions of section 1776, Revised Statutes, as amended February 14, 1899 (Sess. Laws 1899, 248), every taxpayer of Kootenai county was afforded the right of appeal from the order of the board of county commissioners in selecting and listing names of persons to serve as jurors for the year 1904 in that county. In addition to the right of appeal granted by statute, it is likely that the principles of equity are sufficiently broad and elastic to permit of a direct attack on that order on the grounds of fraud. In either case, however, the commissioners and the county represented by them, should be brought into court by the regular process of law. There is no more presumption in favor of one official than another when it comes to the honest and faithful discharge of his official duties. The *prima facie* presumption of law is that each has faithfully discharged his duties. Here neither the commissioners nor the county (the citizens) represented by them ever had their day in court. This was a proceeding *sui generis*. The prosecuting attorney, who is by law the legal adviser of the board of commissioners, was the moving party before the district court, and yet it does not appear that he had ever called the matter to the attention of the board or asked them to vacate their order and make and file a new list. Again, it is shown that no litigant was complaining, and no person whose rights or interests could be in any way effected by the action of this jury complained. The individual litigant has every opportunity of testing the fairness and legality of the jury when his case is called for trial, and he is then provided with all the safeguards necessary for his protection and attaining the ends of justice (sections 4379, 7818 and

7819), and this is available to the state as well as individuals. We are clearly of the opinion that the defendant judge was without jurisdiction and authority to make the order complained of at the time and in the manner and by the proceeding in which such action was taken and order made. Jurisdiction to make such order cannot be acquired in an *ex parte* manner. Since we have concluded that the action taken was in excess of the jurisdiction of the defendant judge, it must necessarily follow that the writ of mandate will not lie and that the remedy is by *certiorari.* (Rev. Stats., sec. 4962).

There is another reason why the writ of mandate as prayed for cannot issue in this case. To issue the writ and require the trial judge to resummon the jury and proceed with the trial of jury cases would necessitate the continued presence of the judge in Kootenai county, while, on the other hand, it is shown that the regular term of district court was called to convene in Shoshone county on the next judicial day after the date of our hearing this application, and that only one term of district court has been held in Shoshone county for the year 1904. The issuance of the writ would therefore interfere with a regular term of court in another county of the same judicial district and delay the business of that county, and possibly deprive the county of its constitutional right to two terms of court each year (Const., art. 5, sec. 11). The alternative writ will therefore be quashed and the petition denied. No costs awarded.

SULLIVAN, J., Concurring in Part Only.—This is an application for a writ of mandate and my associates hold that the plaintiff has mistaken his remedy, that his remedy was by writ of review. I cannot agree with them in that conclusion. The facts are quite fully stated in the opinion of Mr. Justice Ailshie. The plaintiff prays for a writ of mandate commanding the judge of said court to rescind and vacate an order made by him on the sixteenth day of November, whereby he quashed the panel of jurors returned to serve for the November term of said court and to forthwith resummon and reconvene said jury and proceed with the trial of cases pending in said court.

It appears that the petitioner was apprehensive that said November term of court would pass without a trial of any of

the jury cases on the calendar, as in fact it did so pass.    The term was commenced on the tenth day of November, 1904, and closed on the following twelfth day of December, without a trial of any of the jury cases on the calendar, and the failure to try any of the jury cases was because of the discharge of the panel as aforesaid.    It is a part of the history of the state that two terms of said court are held in said county each year, and one had been held in the month of April prior to said November term, and it appears that unless the action of the court in setting aside said panel was itself set aside, no jury cases would be tried for perhaps six months thereafter; and as section 18 of article 1 of the state constitution provides that courts of justice shall be open to every person and a speedy remedy afforded for every injury of person, property or character, and right and justice shall be administered without sale, denial, delay or prejudice; it would appear that that provision of said section providing that a speedy remedy shall be afforded without delay, would be violated by the unauthorized act of said court in the discharge of said jury.    The record of the proceedings of said court in quashing said panel is before the court in this action, and the main object and purpose of the petitioner was to compel the court to rescind said order and to proceed without delay and try the jury cases, especially criminal cases, that were on its calendar in compliance with the above noted provisions of the constitution.

In the decision of this case the court holds that the district court exceeded its jurisdiction in discharging said panel, and this proceeding was brought not only to set aside that unauthorized action of the court, but its main object or purpose is to compel the court to proceed with the trial of the jury cases and not continue them until the next term of said court.    An application for a writ of mandate was the proper proceeding, and the writ should have been granted.    The action of a court upon an application for a writ of review cannot extend further than to determine whether an inferior tribunal, board or officer has regularly pursued the authority of such tribunal or board. (Rev. Stats., sec. 4968.)    And the judgment of this court going that far and no further, would not give the plaintiff the

relief he is entitled to under the allegations and prayer of his petition. The court had discharged, without authority of law, the jury that had been regularly drawn and summoned, which action would necessitate the continuance of the jury trials for that term, and the main object and purpose of this action was to compel the judge to proceed and try such cases without unnecessary delay. Under a writ of mandate this court can compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station, and it was the plain duty of said court under the provision of the constitution above quoted, and the law, to proceed and try all jury cases on the calendar that the parties desired to have tried at that term. And after this court has held that the trial court exceeded its jurisdiction in the discharge of the panel, it seems to me that it was the duty of this court to issue a writ of mandate directing the trial court to resummon the jurors illegally discharged and to proceed with the trial of the jury cases then on its calendar.

In Merrill on Mandamus, section 46, it is held that if an inferior tribunal declines to hear a case on what is termed a preliminary objection, and the objection is purely a matter of law, the writ will issue if such tribunal has misconstrued the law; and the author there states that most all of the authorities agree that if a tribunal dismisses a case under the mistaken conclusion that it has not jurisdiction, its action will be reviewed by writ of mandate, and it will be compelled to try the case or hear the matter. In this case upon a preliminary objection the panel was discharged, and as a result of that mistake all jury cases were continued for the term, and this court having held that the district court exceeded its jurisdiction in that matter, it should have been compelled by mandate to resummon the jurors so discharged and proceed with the trial of the jury cases, and the qualifications of each of said jurors could have been then and there determined. By a writ of review the wrong of which the plaintiff complains could not be redressed, as under it the district court could not be compelled to proceed without delay and try the jury cases that were ready for trial at that term of court.

In *People v. Judge,* 22 Mich. 493, it is held that where it was shown that service had been made by the sheriff and the circuit court on motion ordered such service to be set aside as unauthorized by statute, *mandamus* would be granted to compel said court to vacate said order. In the case at bar the court made an order not authorized by statute and *mandamus* should be granted to compel the court to vacate said order.

In *People v. Judge,* 59 Mich. 529, 26 N. W. 694, it is held that a decision quashing an indictment may be reviewed, the only question being, What is the better form of review? That and *mandamus* was held the most appropriate remedy. So in the case at bar the question is, Which is the most appropriate remedy? Review is not, because the wrong complained of cannot be completely remedied under that proceeding. *Mandamus* is, because a full and complete remedy may be given by that writ. (See *Hill v. Morgan,* 9 Idaho, 718, 76 Pac. 323.)

It is not sufficient to say that the issuance of the writ of *mandate* might interfere with the right of Shoshone county to have two terms of court during the year 1904 as provided by the constitution, as the rights of the people of Kootenai county to have two terms of court each year is given by the same provision of the constitution.

I concur in the conclusion reached by Mr. Justice Ailshie, to the effect that the court had no jurisdiction to make the order discharging said panel, and dissent from the conclusion that *certiorari* is the appropriate remedy.

STOCKSLAGER, C. J., Concurring in Part and Dissenting in Part.—I concur in the conclusion reached by Mr. Justice Ailshie in so far as he says the proper remedy was by *certiorari.* I do not concur in the conclusion reached by the majority of the court that the defendant judge exceeded his jurisdiction in making the order discharging the panel. The presumption that all officers discharge their duty has a direct application in this proceeding to the commissioners of the county who are charged with the selection of names of persons to serve as jurors for the ensuing year. From the showing made there can be no question but that their desire was to get none but

good, responsible citizens of the county for jury service. The county attorney, who is an officer of the court, is charged with the duty of aiding the court in the discharge of its every duty as well as protecting citizens in both civil and criminal cases in so far as he can with jurors properly and legally selected. If for any reason he believed the persons in attendance were disqualified from service, it was his duty to call such fact to the attention of the court. This he did, and the court, after an examination of the facts, discharged the panel. I do not think the court exceeded its jurisdiction in making this order. One of the grave responsibilities inherent in the trial courts is to provide legal and competent jurors for the trial of all cases that may come before it, and when the judge, after the examination, was satisfied that the jury list had been improperly, if not illegally, selected by the county commissioners, it was his legal right, as well as his duty, to remove any question of the legality of the panel by pursuing the course he did. As to what may have been his duty after the panel was discharged has nothing to do with the legality of the order complained of.