THE STATE *ex rel.* PARTRIDGE V. LEWIS.

1. **St. Louis Court of Appeals**: TIME FOR TAKING APPEAL AND GIVING APPEAL BOND. The St. Louis court of appeals has no power to allow an appeal to the Supreme Court after the lapse of fifteen days from the rendition of the judgment complained of; but may approve an appeal bond and order a supersedeas at any time during the term at which the judgment is rendered. R. S. 1879, §§ 3712, 3713.

2. ——: ——: MANDAMUS. The fact that that term has expired before the Supreme Court can decide an application to compel the court of appeal to entertain a motion for such approval and supersedeas, will not prevent the issuing of a writ of mandamus requiring the court of appeals to entertain the motion, when it appears that the motion was made in time and was refused.

### *Original Mandamus.*

PEREMPTORY WRIT AWARDED.

This was an application for a mandamus against Judges Lewis, Bakewell and Hayden, the judges of the St. Louis court of appeals, to compel them to entertain an application made to that court for the approval of an appeal bond, and, if the bond should be found sufficient, the granting of a supersedeas. The relator had already applied for, and the court had allowed, an appeal to the Supreme Court. When the application for the approval of the bond was made, they decided that an appeal having been granted, the court of appeals had no further jurisdiction of the case, and therefore could not entertain the application, although it was made within fifteen days after the rendition of the judgment and during the same term.

*Jas. O. Broadhead* and *John P. Ellis* for relator.

*Geo. Denison* and *E. T. Allen* for respondents.

SHERWOOD, C. J.—The statutory provisions regarding appeals to this court, so far as necessary to be quoted, are

that: "No such appeal shall be allowed, unless: First, it be made during the term at which the judgment or decision appealed from was rendered; and second, the appellant or his agent shall, during the same term, file in the court his affidavit, stating, &c.; and third, all appeals from the St. Louis court of appeals shall be taken within fifteen days after the day upon which judgment was rendered," &c. R. S. 1879, § 3712. "Upon the appeal being made, the court from which an appeal is prayed shall make an order allowing the appeal; and such allowance thereof shall stay the execution in the following cases, and no others:    *    * Second. When the appellant, or some responsible person for him, together with two sufficient securities, to be approved by the court, shall, during the term at which the judgment appealed from was rendered, enter into a recognizance to the adverse party," &c.   Ib., § 3713.   It is thus clearly apparent from the above sections that the Legislature has seen fit to make a distinction between the St. Louis court of appeals and other inferior courts, requiring that appeals be taken " during the term," when taken from the judgments of the latter, but " within fifteen days " when taken from the judgments of the former.   It is also equally apparent that our law-makers have made no distinction between those courts as to when the bond designed to operate as a supersedeas shall be filed, provision being made in each instance, and with regard to all courts, that the recognizance may be entered into " during the term" at which the judgment appealed from is rendered.

We cannot entertain the idea that the Legislature intended to convey any other meaning than that which their language so clearly expresses.   So far as we are informed, it has been the constant practice in the country circuits to take an appeal soon after the motion for a new trial is overruled, and then to file the bond at any time during the term; and this practice was thought to fall within the purview of the statute; and no thought was entertained that the trial court had lost its jurisdiction to take a bond, be-

cause, prior to that time, it had granted an appeal. And a reason for the adoption of such a practice is quite obvious. An affidavit for an appeal is easily prepared and filed, while the obtaining of the requisite sureties for the appeal bond requires more time and trouble. But, whatever may have been the correctness of the practice in the circuit courts just mentioned, or the soundness of the reasons to be urged in its favor, it is a sufficient answer to any objections which may be urged against the position of the relator and against the statutory provisions above quoted, on which he relies, that the law is so written; that the law allows only fifteen days in which to take an appeal from the court of appeals, but allows the appellant party the whole term during which to give bond. The construction contended for in the brief filed for respondents emasculates the statute, overthrows the expressed will of the Legislature, shortens the statutory time for giving bond, and denies the jurisdiction to take that bond after the lapse of fifteen days, a jurisdiction which that statute directly confers. We are of opinion, therefore, that the court of appeals had full power and authority to take a recognizance, when applied to for that purpose, whether the fifteen days had elapsed or not.

We are of the opinion, also, that it is a matter of no importance that the term has now passed during which the judgment of the court of appeals was rendered. An incident of this sort by no means divests the power of this court to afford that measure of relief which is applied for in the present instance. We, therefore, shall award a peremptory writ. All concur.