THE STATE *ex rel.* SCHONHOFF V. O'BRYAN, *Judge, et al.*

1.  **Cape Girardeau Court of Common Pleas :** CHANGE OF VENUE: STATUTE. The Cape Girardeau court of common pleas, under the act of the legislature of February 13, 1861 (Laws, 1860-1, p. 517), can award a change of venue to the circuit court of another county because of the prejudice of the inhabitants of the county.

2.  **Change of Venue :** ORDER OF REMANDMENT. Where a change of venue is rightly awarded to the circuit court of another county an order of remandment made by the latter court will be deemed a nullity.

3.  ——— : ——— : MANDAMUS. *Mandamus* will lie in such case to compel the latter court to proceed with a trial of the cause.

*Mandamus.*

PEREMPTORY WRIT AWARDED.

*J. B. Dennis* for relator.

( 1 )  The change of venue was properly awarded to Scott county under the act of 1860-1 ( Acts, p. 517 ). *State v. Tiedeman*, 69 Mo. 515. ( 2 ) *Mandamus* will lie where the relator has a specific right for which the law has provided no specific remedy. *Mansfield v. Fuller*, 50 Mo. 338; *State ex rel. v. McAuliffe*, 48 Mo. 112. ( 3 ) Relator has no remedy, by appeal or writ of error; as the circuit court of Scott county simply refused to hear his case, there has not been such a final judgment on the merits as entitles him to either of these remedies. *Railroad v. Railroad*, 94 Mo. 535; *Price v. Brown*, 63 Mo. 347; *Bybee v. Maxwell*, 43 Mo. 209. ( 4 ) *Mandamus* will lie to compel a court to restore a cause improperly stricken from the docket. *State ex rel. v. Court*, 73 Mo. 560; *Erving v. Brooks*, 69 Mo. 49; *State ex rel. v. Laughlin*, 75 Mo. 358; *State v. Snyder*, 98 Mo. 556; *Partridge v. Lewis*, 71 Mo. 170; 4 Wait's Act. & Def., p. 361, sec. 5; *Ex parte Lowe*, 20 Ala. 330. ( 5 ) *Mandamus* is the proper remedy to compel a court

to proceed to hear a cause, when it has improperly refused to do so. *Costello v. Court*, 28 Mo. 259.  Where a court of appeals has plainly erred on a point of practice, either by misapprehending its own rules or a plain rule of law, and, in consequence, has dismissed an appeal, *mandamus* will lie from the supreme court to correct and remedy the erroneous deed or arbitrary exercise of its discretion, notwithstanding it has acted. *State ex rel. v. Phillips*, 97 Mo. 331.

*G. H. Benton* and *Silver & Brown* for respondents.

(1) The remanding order vested in the common pleas court full jurisdiction of the cause which was not divested by the order returning the papers to the Scott circuit court.  (2) The change of venue was improperly awarded to the Scott circuit court.  Acts, 1853, p. 80. (3) *Mandamus* is not the proper remedy in this case. A final judgment of dismissal was entered in the Scott circuit court and relator's remedy is by appeal or writ of error.  *State v. Lubke*, 85 Mo. 338; *State v. Court of Appeals*, 87 Mo. 376; *State v. Betts*, 89 Mo. 156.  The *Bayha case*, 97 Mo. 331, and *Laughlin case*, 75 Mo. 358, are not applicable.  In the former case no right of appeal existed from the Kansas City court of appeals while in the *Laughlin case* there was no final judgment of dismissal; in fact no final judgment, and, hence, no right of appeal.

SHERWOOD, J.—In the common pleas court of Cape Girardeau county a judgment was recovered by Bernhardt Schonhoff against the Jackson Railroad Company for $3,000; this judgment was reversed in this court and the cause remanded to the court whence it came.  On its arrival there, the defendant, by its attorney, filed its motion and affidavit for a change of venue from Cape Girardeau county, based upon the prejudice of the inhabitants of Cape Girardeau county against defendant.

Pending said motion, the defendant filed another motion, to certify and transfer said cause to the circuit court of Cape Girardeau county, based upon the grounds that the judge of said common pleas court had been of counsel in the cause, which motion was by the court overruled ; but certifying to the fact that the judge had been of counsel and was, therefore, disqualified to sit in the cause, a change of venue was by said court awarded to Scott, which was the nearest adjoining county in said circuit.

At the October term, 1889, of Scott county, defendant filed a motion to dismiss said cause, for the reason that the circuit court of Scott county had no *jurisdiction* of said cause, which motion was by the court overruled ; but the court, holding that the said cause had been improperly sent to Scott county, ordered it stricken from the docket and the papers returned to the said common pleas court.

At the January term, 1890, of the said common pleas court, said court, holding that it had no further jurisdiction of said cause, ordered the papers to be returned to the said circuit court of Scott county.

At the April term, 1890, of said circuit court of Scott county, defendant again appeared, and, "limiting its appearance to the purposes of its motion," etc., moved the court to dismiss said cause, for the reason that it had no jurisdiction of said cause, which motion was sustained and the cause dismissed.    Thereupon the relator moved the court to vacate said order, and reinstate said cause, which motion was overruled.

Upon the foregoing facts, which stand admitted by the demurrer to the return, the question is presented, whether we should compel the judge of the Scott circuit court to reinstate upon the docket of said court the cause thus dismissed.

In order to determine this point, resort must be had to certain laws in regard to practice concerning changes of venue in the court in which this cause had its origin.

The State ex rel. Schonhoff v. O'Bryan.

Sections 2 and 3 of the Laws of 1853, page 81, on this point, are as follows :

" Section 2.   Hereafter no change of venue shall be allowed in any civil suit, in the circuit court of the county of Cape Girardeau, or the court established by the act to which this act is supplementary to and amendatory of, for cause that the judge is interested or prejudiced, or is related to, or has been counsel for, or is under the influence of either party, except in the cases hereinafter provided for.

" Sec. 3.   When any of the causes specified in the preceding section shall exist in any civil suit pending in either of the said courts, the same shall be certified to the other, in the same manner, and with like effect, as in the case of a change of venue from the circuit court of one county to that of another, except in the next section provided for."

This statute was afterward amended by an act passed February, 1861, as follows :

" Sec. 1.   Changes of venue may be awarded in civil cases pending in the court of common pleas in the city of Cape Girardeau, for the like causes and with like effect, as provided by an act entitled, ' An act providing for the change of venue in civil cases, approved November 19, 1855 ; ' and also for the following additional causes, viz.: *First*.   That the inhabitants of the city of Cape Girardeau are prejudiced against the applicant ; *second*, that the opposite party has an undue influence over the inhabitants of said city :   Provided, That in such cases a change of venue shall be awarded to the circuit court of Cape Girardeau county.

" Sec. 2.   All proceedings for changes of venue as herein provided shall, in all respects, so far as applicable, be governed by the provisions of the foregoing recited act in relation to change of venue in civil cases.

" Sec. 3.   All acts and parts of acts conflicting herewith are hereby repealed."   Sess. Acts, 1861, p. 517.

---

The State ex rel. Schonhoff v. O'Bryan.

---

The provisions of the general law thus referred to in the amendatory act just cited, so far as necessary to quote, are these:

"Section 1. A change of venue may be awarded in any civil suit, in any circuit court, for any of the following causes: *First*. That the judge is interested (or) prejudiced, or is related to, or has been of counsel in the cause for, either party ; *second*, that the opposite party has an undue influence over the mind of the judge ; *third*, that the inhabitants of the county are prejudiced against the applicant ; *fourth*, that the opposite party has an undue influence over the inhabitants of the county."

"Sec. 4. If reasonable notice shall have been given to the adverse party, or his attorney, the court shall hear the case, and award a change of venue to some court where the causes complained of do not exist, as convenient as may be to the opposite party.

"Sec. 5. If the judge is interested, or related to, or shall have been of counsel in the cause for either party, the court or judge may award such change of venue, in his discretion, without any application from either party ; but neither party shall have more than one change of venue." R. S. 1855, p. 1559.

After reading the above statutory provisions we have no doubt whatever of the correctness of the action of the court of common pleas in awarding a change of venue to the Scott circuit court. Two grounds were urged in the applications made : *First*, prejudice of the inhabitants of Cape Girardeau *county ; second*, disqualification of the judge of the common pleas court, owing to his having been of counsel. The second application having been made, pending the first, *both* may be regarded as but *one* application based upon *two* grounds, and was no doubt so intended ; if not, the first application should have been in terms and formally withdrawn.

Under the plain provisions of the amendatory law of 1861, it would have been but a trifling with the

administration of public justice to have sent the cause to the circuit court of Cape Girardeau county, in the face of the defendant's affidavit that the inhabitants of the entire county were prejudiced against it. What relief would this have been against the alleged prejudice?

Section 1, of the amendatory act of 1861, before quoted, gives grounds additional to those of the general law for awarding a change of venue; but such grounds are *limited to the boundaries of the City of Cape Girardeau*, and when the application in such cases is successful, the only result is that a change of venue is then awarded to the circuit court of Cape Girardeau county, and this plainly appears from the proviso to that section.

It has been urged that inasmuch as the Scott circuit court had made its final order remanding the cause to the common pleas court, and inasmuch as the latter court, after this was done, simply made *its* order directing the return of the *papers* to the Scott circuit court, that therefore the latter court is not vested with jurisdiction to try the cause, etc. To this objection it may be answered that the order made by the Scott circuit court as aforesaid was *corum non judice*. That court had no more authority under the law and the facts to make such an order than it would have had to have sent the cause to the circuit court of *Mississippi* county. Such orders are *nullities* and consequently oppose no barrier to a correct method of procedure when the error committed is ascertained. *State v. Gabriel*, 88 Mo. 631. Nor is it any obstacle to the obtaining of the proper relief here, because the lower court has *acted*. *Bayha's case*, 97 Mo. 331, and cas. cit.

Nor would an appeal or writ of error afford any substantial or effectual remedy in a case of this sort. Were an appeal taken in an instance like the present, there would be *nothing to pass upon*, no errors to correct; for no trial had occurred. It is not the intention

of the law to permit a cause to be bandied about like a shuttle-cock from court to court without affording a more effective and prompt relief than would be afforded by an appeal or writ of error.

The premises considered, we do not doubt that this is an appropriate occasion for the exercise of our supervisory control and mandatory authority and consequently we issue our peremptory writ.   All concur.

### SEPARATE OPINION.

BARCLAY, J.—Under the statutes governing this case, fully set forth in the foregoing opinion, it appears to me that the learned judge of the Scott county circuit court was in error in refusing to take jurisdiction of the cause referred to.   While the plaintiff therein might properly have resorted to a writ of error or an appeal to rectify that ruling, it seems to me he was not necessarily bound to do so.

Under the constitution of this state, giving the supreme court " a general superintending control" over the trial courts ( Const. 1875, art. 6, sec. 3), it is within the proper scope of the constitutional authority of this court to intervene by the writ of *mandamus* to reinstate a cause which has been erroneously stricken from the docket at the circuit, and in which a hearing there is absolutely denied.   In such a case we think the party injured should not be put to the delay of an appeal.   The case in question, as it stood in the trial court when stricken out, involved a greater sum than $2,500, and hence was within the final reviewing power of this court.   It is unnecessary, therefore, to now consider whether we ought to entertain the application if the amount involved were less than the pecuniary limit of the jurisdiction of this court, defined by the constitution.   Art. 6, sec. 12.

For these reasons the writ should go.