THE STATE ex rel. SNOW STEAM PUMP WORKS and INTERNATIONAL STEAM PUMP COMPANY v. WILLIAM B. HOMER, Judge.

In Banc, March 28, 1913.

1. MANDAMUS: When Available: Inadequate Remedy. Unless another remedy is fully adequate, a writ of mandamus will issue; and whether the other remedy is adequate is a question appealing to the judgment and discretion of the court when the circumstances of the case are laid before it.

2. ————: ————: ————: Appeal: Return Adjudged Insufficient. Where the circuit court has adjudged a sufficient return of service of process insufficient to give it jurisdiction over the persons of defendants, and the facts of the return are all admitted or established by record matters, an appeal, after judgment of dismissal, is not a full and adequate remedy, and plaintiff is entitled to mandamus from the appellate court.

3. ————: ————: Refusing to Entertain Jurisdiction: Adjudging Process Insufficient. Where a circuit court refuses to proceed with a cause, because the court was of the opinion

that it did not have jurisdiction of the cause or of the parties, mandamus will issue from the Supreme Court to compel it to proceed. If the court adjudged the return of service of process to be insufficient to bring defendants into court, and refused to entertain jurisdiction and proceed with the cause and made that ruling upon a preliminary objection, and the facts touching the return stand admitted, the question of the sufficiency of the return then becomes purely a question of law, and plaintiff is entitled to a preliminary writ of mandamus, and on a hearing, if the return is adjudged sufficient, the writ will be made permanent, requiring the court to proceed to judgment on the merits.

4. ————: **Defendants Not Made Parties: Right to Stop Proceeding After Writ Made Permanent.** Where, upon the application of plaintiff, a writ of mandamus to proceed to judgment on the merits has issued to the circuit court, which had held that the return of service of process was insufficient to bring defendants into court, it would be a novel ruling to hold that the defendants can by their writ of prohibition prohibit the circuit court from carrying out the mandate of the appellate court in the mandamus case, on the sole ground that they were not made parties to the mandamus proceeding in the appellate court. Where the judge of the circuit court declines to act in a matter wherein he should act, he is the only necessary party respondent to the mandamus suit to compel him to act, although the State proceeds upon the information and to the use of one of the parties to the action as relator.

5. ————: ————: ————: **Estoppel: Acting for Judge in Mandamus.** Where the judge, who was the respondent in the mandamus suit, was, in his return and on the hearing of the information, represented by the counsel of the defendants in the circuit court, the defendants were real parties to the mandamus suit, though not parties of record, and are estopped by the judgment in the mandamus case to further call that adjudication in question. A party to a proceeding may be bound by the judgment therein without being a party of record; if his counsel appears for the respondent in a mandamus suit, he is bound by the judgment therein.

6. ————: ————: **Application for Writ Made After Expiration of Term.** A writ of mandamus may issue to the circuit court to proceed to try a case on its merits although the term of the circuit court had expired before the mandamus case was brought. The right of the Supreme Court to issue such an order is determined by the Constitution, and is not restricted or hampered by the statute. The ruling applies to defendants who were not made parties of record to the mandamus suit brought in the Supreme Court, which issued its writ directing

the judge of the circuit court, who had adjudged the return of service of process insufficient to bring defendants into court, to proceed to judgment on the merits, although application for the writ of mandamus was not made until after the term of the circuit court had expired. The circuit court having refused to do what it should have done at a time when it could have acted, the Supreme Court has power under the Constitution, by its writ of mandamus, to compel the circuit court to hear the case on its merits, although the term of the circuit court had expired before timely application for the writ was made.

Prohibition.

WRIT DENIED.

*Nagel & Kirby* for relators.

(1)  The filing of a petition for removal to a Federal court does not amount to a general appearance. Goldey v. Morning News, 156 U. S. 518; Railroad v. Brow, 164 U. S. 271; Conley v. Alkali Works, 190 U. S. 406; Courtney v. Pradt, 196 U. S. 89; Clark v. Wells, 203 U. S. 164; Mutual Accident Co. v. Davis, 213 U. S. 245.  (2)  It appears from the record in the case below that respondent has no jurisdiction over relators and was without authority to compel them to plead. Crawford v. Railroad, 171 Mo. 74; State ex rel. v. Gibson, 187 Mo. 536.  (3)  The purpose of the statutes relating to service of process upon foreign corporations is to protect citizens of Missouri in controversies arising out of business done in this State, and such statutes do not authorize suits here by one foreign corporation against another foreign corporation upon a cause of action arising wholly without this State. Railroad v. Carr, 76 Ala. 388; Lumber Co. v. Smith Co., 145 Ala. 317; Sawyer v. Ins. Co., 46 Vt. 697; Mutual Reserve Assn. v. Phelps, 190 U. S. 147; McNichol v. Mercantile Agency, 74 Mo. 457; Mut. Accident Co. v. Davis, 213 U. S. 545; Newcomb v. Railroad, 182 Mo. 687; Rehm v. German Ins. Institution, 125 Ind. 135; Hardware Co. v. J. I. Case Co., 77 Neb.

847. (4) When a foreign corporation does business
in a State without complying with its laws, there is
no express consent to service therein, and the implied
consent to service, if any, arising from the fact of
doing business in the State, extends only to contro-
versies arising out of such business. Ins. Co. v.
McDonough, 204 U. S. 8; Hunter v. Ins. Co., 218 U. S.
573. (5) To imply consent to service in Missouri,
in a suit by a non-resident corporation, involving
transactions had outside of Missouri, would be an un-
reasonable inference of fact, and to take jurisdiction
based on such an inference would be to deny that due
process of law which is guaranteed by the Constitu-
tion of this State and of the United States. Ins. Co.
v. McDonough, 204 U. S. 8.

   *Edward D'Arcy* and *W. M. Williams* for respond-
ent.

   (1) This court has decided that the circuit court
of the city of St. Louis acquired jurisdiction of the
defendants in the suit of Texas Portland Cement Com-
pany v. International Steam Pump Company et al.,
by the service of process upon said defendants within
this State, and that the return of service is sufficient
and is conclusive upon all the parties. State ex rel.
v. Sale, 232 Mo. 166. (2) The lapse of the April
term, 1910, without further action by the circuit court
than sustaining defendants' motions to quash the re-
turns, and overruling plaintiff's motion to set aside
said order, did not deprive the circuit court of jurisdic-
tion in said cause or prevent further proceedings there-
in. No final judgment discharging defendants was en-
tered at the April term, 1910. The cause was still
pending in said court after the orders sustaining the
motion to quash, and overruling the motion to set
aside said order on May 27, 1911. Collier v. Lead
Co., 208 Mo. 274; Winn v. Carter, 43 S. W. (Ky.) 436;

Oland v. Insurance Co., 14 Atl. (Md.) 669; Persinger v. Tinkel, 51 N. W. (Neb.) 299; Brown v. Rice, 46 N. W. (Neb.) 489. Even if the circuit court had, by a final judgment at the April term, 1910, completely disposed of the case and could not thereafter, of its own motion, entertain further jurisdiction thereof, still this court could, and by its mandate did, in the exercise of its supervisory control, command said court to hear and determine the same, and the circuit court, notwithstanding the lapse of said term, was authorized, by virtue of said mandate, to proceed with said cause. State ex rel. v. Patterson, 207 Mo. 129; State ex rel. v. Gibson, 187 Mo. 536; State ex rel. v. Phillips, 96 Mo. 570; State ex rel. v. Smith, 172 Mo. 618; State ex rel. v. Lewis, 71 Mo. 170. (3) Mandamus awarded by this court was against the office, and not against Judge Sale personally. The legal effect of the writ of mandamus awarded by this court on the last secular day of Judge Sale's official term was to authorize and require the circuit court of the city of St. Louis, and not the individual who happened to be judge of the court at that time, to hear and determine said cause. Ex parte Parker, 131 U. S. 221; People v. Bacon, 18 Mich. 247; Thompson v. United States, 103 U. S. 480; State v. Puckett, 7 Lea (Tenn.), 709; People ex rel. v. Treasurer, 37 Mich. 351; People ex rel. v. Supervisor, 100 Ill. 332; People v. McConnell, 146 Ill. 532; 13 Ency. Pl. & Pr. 663, n. 5. Respondent, as the successor of Judge Sale, was authorized to proceed with all cases pending and undisposed of in said court in the same manner as his predecessor could have done; and he could waive the service of a mandamus upon him personally, and has done so by making the order requiring the relators herein to plead, as required by the writ of mandamus, and by demurring to the petition herein. People v. Bacon, 18 Mich. 247; State ex rel. v. Schmitz, 36 Mo. App. 550; Edwards v. United States, 103 U. S. 471; People v. Cairo, 50 Ill. 154; State

v. Anderson, 170 Ind. 540. (4) Where the action is transitory, the suit may be brought wherever the defendant may be found. Mason v. Warner, 31 Mo. 508; Bryant v. McClure, 44 Mo. App. 553; Barrell v. Benjamin, 12 Mass. 354; Moystyn v. Fabrigas, 1 Smith's Leading Cases (8 Ed.), 562; 11 Cyc. 663. The courts of this State are open to a non-resident plaintiff, and a foreign corporation may be sued here if the proper service can be had upon it. R. S. 1909, secs. 1751 and 3956; Barrow S. S. Co. v. Kane, 170 U. S. 100; Johnson v. Ins. Co., 132 Mass. 432; Abbeyville Co. v. Western Co., 85 Am. St. 922; McNichol v. Agency, 74 Mo. 457; Newcomb v. Railroad, 182 Mo. 687; Mohr v. Insurance Co., 12 Fed. 474.

GRAVES, J.—A short statement will suffice in this case. In November, 1909, the Texas Portland Cement Company, a corporation of West Virginia, sued the International Steam Pump Company, a corporation of New Jersey, and the Snow Steam Pump Works, a corporation of New York, in the circuit court of the city of St. Louis. [State ex rel. v. Sale, 232 Mo. l. c. 169.]

In this case pending in the said court the defendants specially appeared and moved to quash the service. These motions were sustained May 26, 1910, and on the next day the plaintiff in that case filed a motion to compel the defendants in that case to plead to its petition. This motion the court overruled, and on June 28, 1910, the plaintiff in the circuit court case, as relator in this court, applied for a writ of mandamus to compel the Hon. Moses Sale, then judge of the circuit court, to proceed with the case. Our alternative writ issued, to which Judge Sale made his return. The further situation of the mandamus case is thus outlined in State ex rel. v. Sale, 232 Mo. l. c. 171, thus:

"Relator filed a motion for judgment upon the pleadings, so that the case stands here upon the admissions made in the return. Respondent Sale seeks the judgment of this court upon the merits, and to that end there is presented the sole question of the sufficiency of these returns. Other questions are discussed in the briefs, but were waived in the oral argument at request of respondent, who deemed the question presented upon the returns as a very important one to the circuit court of the city of St. Louis, where many such suits are pending and others being continually brought. This outlines therefore the sole issue in the case."

In this condition the mandamus case in this court was submitted, and we then determined that the returns upon the summons in the circuit court showed a valid service of process, and our peremptory writ of mandamus was awarded directing the circuit court to proceed with the case. Pursuant to this mandate the circuit court assumed jurisdiction and was proceeding with the case, when the defendants in the circuit court applied for and obtained a preliminary rule in prohibition, so that the real question is whether such rule should be made absolute.

As a further statement a few preliminary facts should be made clear. In the mandamus case the same lawyers who represented the defendants in the circuit court appeared and argued the case for Judge Sale in this court. Not only so but whilst the mandamus case was pending in this court Judge Sale telegraphed that he desired the case determined upon its merits so that the court might know whether such returns were good, and to that end he waived all other questions in his return. To this request of Judge Sale the counsel for Judge Sale, now the counsel for the relators in the present case, consented in open court. It was under these circumstances that we determined the mandamus case, with the result above indicated.

I.  For several reasons we think this writ of pro-
hibition should be denied.  It is true that in the man-
damus case we only considered one ·question.  It is
true that we did not then discuss the question as to
whether a writ of mandamus would properly lie to
compel the court to proceed in the circuit court case
under all the facts disclosed and admitted.  It is true
that the mandamus will not issue to compel a court to
decide a case in any certain way.  It is further true
that mandamus cannot be invoked to compel the doing
of a thing which has already been done.
Mandamus:  But the writ has been granted to compel
Adequate
Remedy.  the undoing of a thing wrongly and im-
properly done, which thing precluded a de-
termination of a case upon its merits.  [State ex rel.
v. Phillips, 97 Mo. 331.]  Nor will mandamus usually
issue where there are other adequate remedies, but
in the light of this rule the other remedies or remedy
must be fully adequate.  The mere fact that there
might be another remedy is not sufficient to preclude
the use of the writ of mandamus.  The other remedy
must be adequate, and whether it is adequate is one
appealing to the judgment and discretion of this court
when the circumstances of each case are laid before
us.  And we say now that it is not clear that we were
not fully justified in issuing our writ of mandamus
in the Sale case, supra, upon all grounds of the re-
turn being considered.  The circuit court had in a way
determined its jurisdiction over the defendants in the
circuit court case, but its determination was upon. ad-
mitted and undisputed record facts.  Whether that
court had jurisdiction of the defendants thus became
a pure question of law.  It may be that an appeal or
some such remedy was at hand, but was that remedy
adequate?  Under the facts we could have well said
that it was not.

249 Mo.—5

But aside from this there is much respectable authority to the effect that mandamus is the only proper remedy where a circuit court refuses to proceed with a case, because the court was of opinion that it did not have jurisdiction of the cause, or of the parties to the cause. In the circuit court case the trial court refused to entertain jurisdiction and proceed with the case upon a preliminary objection to the return of service to the process. In the very early case of Castello v. St. Louis Circuit Court, 28 Mo. l. c. 274, we had up a very similar question. The question there was whether a notice of contest in a contested election case was sufficient to give the circuit court jurisdiction to hear and determine the case upon its merits. The circuit court held the notice insufficient and refused to proceed further with the case. This court issued its alternative writ and then proceeded to determine whether or not the trial court was right or wrong in refusing to proceed further. We held that the trial court was right and that the notice was insufficient, and denied the peremptory writ for that reason, but in the course of the opinion we thus spoke upon the question in issue here:

**Mandamus: Sufficient Return: Question of Law.**

"Upon the facts disclosed in the petition in this case for a mandamus upon the circuit court, a majority of this court determined that a conditional mandamus should be awarded, and it was accordingly so ordered. This determination was based upon the principal that where an inferior judicial tribunal declines to hear a case upon what is termed a preliminary objection, and that objection is purely a matter of law, a mandamus will go, if the inferior court has misconstrued the law. The cases of the King v. The Justices of the West Riding of Yorkshire, 5 Barn. & Adol. 667, and Rex v. The Justices of Middlesex, 5 B. & Ad. 1113, The King v. Hewes, 3 Ad. & Ellis, 725, and Regina v. The Recorder of Liverpool, 1 Eng.

Law & Eq. R. 291, are believed to be conclusive upon this point so far as the English authorities go; and our attention had not been directed to any American cases conflicting with this view of the law. If the circuit court declined to go into the merits of the case because the party complaining had not given the notice required by the statute, that was a preliminary objection upon a point of law which this court can review upon a writ of mandamus; and if the circuit court called for a notice which the statute did not require, the mandamus ought to be made peremptory.

"It is not deemed important to go into any extended examination of this question, since upon the return to the conditional mandamus by the circuit court, we were satisfied that the construction which that court gave to the statute was correct."

So in the case at bar. The trial court entertained an objection to a preliminary matter and then refused to proceed further. The return was before the court and was therefore an undisputed fact, and it was thus a pure question of law as to whether the court should hear the case upon its merits. The doctrine of the Castello case, supra, has since met with the express approval of this court in the later case of State ex rel. Bayha v. Philips, 97 Mo. l. c. 347. This latter case was a mandamus against the Kansas City Court of Appeals. Over the protest of Bayha that court had dismissed a case appealed by Bayha for the reason that it was made to appear to the court by motion of the respondents that the tax bills which Bayha sought to have cancelled by his bill had in fact been cancelled. In the case SHERWOOD, J., discusses at length the powers of this court by mandamus against inferior courts and in closing, thus speaks:

"But as already shown, the Constitution has conferred on this court more enlarged powers, and consequently the rulings on the point in courts of other jurisdictions, not possessed of such ample powers,

can have no application here. And whatever the rulings of other courts may have been in respect to the issuance of writs of mandamus, the rulings of this court, heretofore made, establish that this court will award its writs of mandamus: Where the St. Louis Court of Appeals refused to take a bond for an appeal to this court on the ground that the appeal having been granted, that court had no further jurisdiction of the cause. [State ex rel. v. Lewis, 71 Mo. 170.] Where a circuit court refused to enter judgment on a verdict, but granted a new trial. [State ex rel. v. Adams, 76 Mo. 605.] When a trial court ordered a cause to be "dropped from the docket." [State ex rel. v. Cape Girardeau Court of Common Pleas, 73 Mo. 560.] Where a trial court determined it had no jurisdiction of a criminal cause, by reason of the unconstitutionality of a statute and ordered the cause transferred to another court. [State ex rel. v. Laughlin, 75 Mo. 358.] To compel the judge of a trial court to enter a judgment on a verdict, which he had refused to receive, because the jury by that verdict found for the defendants, but required them to pay the costs. [State ex rel. v. Knight, 46 Mo. 83.] In Castello v. Circuit Court, 28 Mo. 259, it is said: 'If the circuit court declined to go into the merits of the case because the party complaining has not given the notice required by the statute, that was a preliminary objection upon a point of law which this court can review upon a writ of mandamus; and if the circuit court called for a notice which the statute did not require, the mandamus ought to be made peremptory.' [See also, Miller v. Richardson, 1 Mo. 310.]"

And in this same case at page 343 we thus cite with approval the case of Ex parte Schollenberger, 96 U. S. 369:

"In Ex parte Schollenberger, 96 U. S. 369, the circuit court, in which the suit was brought, because of opinion it had no jurisdiction, quashed the pro-

cess, and it was held that mandamus would lie to compel it to reinstate and hear the cause, as it had jurisdiction, though it had erroneously decided to the contrary.". The California Court of Appeals has likewise quoted from and approved the Castello case in the case of Hill v. Superior Court, 114 Pac. l. c. 808, et seq. In the Hill case, the lower court had quashed a citation in an election contest case and thereby refused to hear the contest. In the course of that opinion it is said:

"At the time and place appointed for the holding of said special session the court quashed the service of said citation, and refused to hear the contest of petitioner, for the reason that the notice to the court by the clerk was given and the order of the court fixing the special session was made prematurely, and the citation was issued prior to the time fixed by the statute. Upon application to this court, an alternative writ of mandate was issued, and it is now sought to have it made peremptory upon an answer admitting all the facts set out in the petition. While, technically speaking, the order of the court below simply directed the citation to be quashed, it amounted to a refusal to proceed with the trial of the contest on the ground that the court had no jurisdiction of the person of the contestee by reason of the premature order and service as aforesaid. . . .

"As we view it, then, the trial judge, upon a preliminary matter, decided contrary to the law and the facts, that the court had not acquired jurisdiction of the 'contestee,' and therefore was not authorized to proceed with the trial at the time appointed. Upon our understanding of the statutory provision, the court had and still has jurisdiction of the subject-matter and of the parties, and it was its plain duty to proceed to trial at the time appointed. It could not divest itself of this jurisdiction by an order purporting to quash the citation, nor is there a case presented here

of jurisdiction to decide wrong as well as right beyond the reach of the writ of mandate. Where there is no conflict as to the facts and in the judgment of the higher tribunal those facts confer jurisdiction and make it clearly the duty of the lower tribunal to proceed with the trial of the cause, if there is no other adequate remedy, the writ of mandate will issue commanding such action. . . .

"The authorities are in line with these reflections." The California court likewise quotes with approval what this court said in the Bayha case, 97 Mo., supra, concerning the Schollenberger case, 96 U. S. 369. It will be noticed that the California court lays some stress upon there being no conflict of facts in matters touching the jurisdiction or right to proceed. In the case at bar the facts stand admitted and undisputed. They are in fact bound up as a part of the judgment roll. This court, like the California court, has made some observations as to the admitted facts concerning jurisdiction, and in what cases the extraordinary writ will issue. Thus in State ex rel. Crouse v. Mills, 231 Mo. 1. c. 500, we said:

"Where the jurisdiction of the probate court is dependent upon the fact of the person being within the territorial jurisdiction of the court, a writ of prohibition will not lie to prevent the probate court from investigating the necessary facts to determine its own jurisdiction, nor could prohibition be granted to prevent an entry of the court's judgment, whether that judgment be right or wrong, as to the jurisdiction over the person. In other words, if the law determines the right of a court to entertain or not entertain jurisdiction of a case, then prohibition will lie, but if jurisdiction is contingent upon facts, unless such facts be admitted and not disputed, the lower court has the right to determine its jurisdiction from the facts before it."

The latter clause of the quotation is the more applicable portion. But in the case at bar the actual return was admitted and not denied. It was a part of the files of the case the circuit court was then deal-, ing with and the circuit court was simply determining whether it would proceed or not proceed upon an admitted fact. Other courts have followed the same trend of thought thus:

The Supreme Court of the United States, In re Hohorst, 150 U. S. 663, issued a mandamus, directing the United States Circuit Court of the Southern District of New York to take jurisdiction of and proceed with the trial of a case, in which the circuit court had set aside and quashed the service and dismissed the suit, saying: "The Hamburg-American Packing Company being liable to this suit in the Circuit Court of the United States for the Southern District of New York if duly served with process in the district, and having been so served, and the order of that court dismissing the suit as against the corporation not being reviewable on appeal at this stage of the case, there can be no doubt that mandamus lies to compel the circuit court to take jurisdiction of the suit as against the corporation."

The Supreme Court of Alabama, on January 20, 1910, in Ex parte Hill, 51 So. 786 (Syl. 4), held: "Where the court makes an order quashing the service of process on an unincorporated association, which order is erroneous and works an injury to the plaintiff in the action against the association, and no appeal lies from the order, and no other remedy exists, mandamus will issue to the judge, commanding him to vacate the order."

The Supreme Court of Florida, in State ex rel. v. Wills, Judge, 38 So. l. c. 291, said: "Another contention for the respondent is that the issuance of a writ of mandamus in this cause would be a review of his judicial discretion, which can properly be done

only by appropriate appellate proceedings, the respondent claiming that he had assumed jurisdiction of the cause by entertaining and granting the motion to dismiss the appeal, thus determining a question of practice only. It is conceded that the appeal was dismissed because no writ of error had been issued in the cause, and that the court held that the issuance of a writ of error was necessary to give the court jurisdiction of the appeal. A dismissal on the ground of the want of jurisdiction is not such an assumption of jurisdiction as to require its review by appellate proceedings."

The question was directly decided in Hill v. Morgan, 76 Pac. 323. The trial court, in that case, held that the summons was insufficient to give it jurisdiction to hear the cause, and set aside the service of the summons. It was held (Syl. 1-2): "The rule that mandamus will not issue to control discretion or revise judicial action has no application to the determination of preliminary questions relating to the sufficiency of the service of summons. When the tribunal or officer whose duty it is to take jurisdiction of a matter, and believing erroneously that it has no jurisdiction, declines to consider the matter, mandamus will issue to compel action."

In People ex rel. v. Judge of Wayne Circuit Court, 22 Mich. 493, it is held: "Where suit is commenced by declaration against the maker and indorsers of a promissory note in the circuit court for the county where the indorsers reside, the service is first duly had in said county upon the defendants residing herein, and thereupon, by virtue of Act No. 54 of 1869 (Sess. Laws 1869, p. 101) service is made upon the maker, who resides in another county, by the sheriff of the county where maker resides, and the circuit court on motion, orders such service, as to said maker, to be set aside as unauthorized by said statute, man-

damus will be granted to compel said court to vacate said order.''

Returning now for some analogous cases in Missouri. In State ex rel. v. O'Bryan, 102 Mo. 254, we have a case where a cause was sent by change of venue from the Cape Girardeau Court of Common Pleas to the circuit court of Scott county. The latter court held that the cause had been improperly sent to it and ordered it stricken from the docket and the papers returned to the common pleas court. The common pleas court, holding that it had lost jurisdiction, ordered the papers returned to the circuit court of Scott county. That court then dismissed the cause. This court was then applied to for a writ of mandamus and one was awarded. In that case (l. c. 259), we said:

''It had been urged that inasmuch as the Scott Circuit Court had made its final order remanding the cause to the common pleas court, and inasmuch as the latter court, after this was done, simply made its order directing the return of the papers to the Scott Circuit Court, therefore the latter court is not vested with jurisdiction to try the cause, etc. To this objection it may be answered that the order made by the Scott Circuit Court as aforesaid was *coram non judice*. That court had no more authority under the law and the facts to make such an order than it would have had to have sent the cause to the circuit court of Mississippi county. Such orders are nullities and consequently oppose no barrier to a correct method of procedure when the error committed is ascertained. [State v. Gabriel, 88 Mo. 631.] Nor is it any obstacle to the obtaining of the proper relief, here, because the lower court has acted. [Bayha's Case, 97 Mo. 331, and cases cited.]

''Nor would an appeal or writ of error afford any substantial or effectual remedy in a case of this sort. Were an appeal taken in an instance like the

present, there would be nothing to pass upon, no errors to correct; for no trial had occurred. It is not the intention of the law to permit a cause to be bandied about like a shuttle-cock from court to court without affording a more effective and prompt relief than would be afforded by an appeal or writ of error.

"The premises considered, we do not doubt that this is an appropriate occasion for the exercise of our supervisory control and mandatory authority and consequently we issue our peremptory writ. All concur."

And in a separate opinion BARCLAY, J., further said:

"Under the statutes governing this case, fully set forth in the foregoing opinion, it appears to me that the learned judge of the Scott County Circuit Court was in error in refusing to take jurisdiction of the cause referred to. While the plaintiff therein might properly have resorted to a writ of error or an appeal to rectify that ruling, it seems to me he was not necessarily bound to do so.

"Under the Constitution of this State, giving the Supreme Court 'a general superintending control' over the trial courts (Const. 1875, art. 6, sec. 3), it is within the proper scope of the constitutional authority of this court to intervene by the writ of mandamus to reinstate a cause which has been erroneously stricken from the docket at the circuit, and in which a hearing there is absolutely denied. In such a case we think the party injured should not be put to the delay of an appeal."

So too we have by mandamus compelled the courts of appeals to reinstate and hear cases, after such courts had dismissed the appeals therein. [State ex rel. v. Smith, 172 Mo. 446; State ex rel. v. Broaddus, 210 Mo. 1; State ex rel. v. Broaddus, 234 Mo. 331; State ex rel. v. Broaddus, 239 Mo. 359.] In all these cases the courts of appeals had passed upon prelimi-

nary matters and disposed of the appeals without going into the merits. This court of necessity had and did examine into the same preliminary questions and holding opposite views upon the said preliminary questions directed the court of appeals to undo what it had done, and proceed to do what it should have done, i. e., decide the merits of the case.

That an appeal in the case at bar and under consideration was not a full and adequate remedy is sustained by the following cases: State ex rel. v. O'Bryan, 102 Mo. 254; Sedgwick Furniture Co. v. Craig, 160 Mo. App. 91; French v. Bennett, 72 S. E. 746; Mining Co. v. Fremont, 7 Cal. 130; People's Bank v. Burdett, 71 S. E. 399; 26 Cyc. 171.

Mandamus: Appeal.

We are thus brought to the conclusion that had we been compelled to examine all the issues in the mandamus case, ample authority can be found for the opinion in this case. But we take it that this is not a really important question now. We did hear the case and did issue that writ and such is sufficient for the cause now.

The writ of prohibition should be denied in the instant case for several reasons. First, these relators are estopped by the judgment in the mandamus case. By that judgment we have directed the circuit court to try relators' case upon the merits. It would be a novel idea to say that they can prohibit the judge of the circuit court from carrying out our mandate in the mandamus case just because they were not on the record here parties thereto. If a circuit court declines to act in a matter where it should act, the only necessary party to the mandamus suit is the official sought to be reached by our writ. The parties to the suit who are benefited by the lower court's refusal to act are not necessary parties. This court in the exercise of its superintending control

Prohibition After Mandamus.

over inferior courts is not concerned in the contentions of the parties to the cause. We are only concerned in seeing that the lower court acts when it should act, and in an action to which the State and the delinquent judge are the real parties, although the State proceeds upon the information and ——: to the use of a relator. And when we **Defendants Not Parties.** have directed the court to proceed the court and the parties must proceed. In a sense the judge who refuses to act at the instance of the prevailing parties *nisi,* represents such parties in the mandamus case here. But we need not go thus far in this case. It is so universally the practice in this State that the counsel for the prevailing party *nisi* represents the judge upon whom they have prevailed in the ruling and represent him because of the interest and employment of their clients, that we can well judiciously know this fact. In the case at bar the very lawyers who represent relators in this suit represented them as defendants in the court *nisi,* and represented the judge in the mandamus suit. When representing the judge we have no doubt that they were acting for and in behalf of their clients and were at the time and in the mandamus case, in the pay of their clients, these relators. Relators were therefore real parties to the mandamus case, although not ——: parties of record. A party to a proceeding ——: **Estoppel.** does not have to be a party to such of record before being bound. His conduct in the case may make him such a party, though not of record, as to make the judgment *res adjudicata.* Such is the relation here, and for this reason these relators are estopped by the judgment in the mandamus case, and cannot have the relief now sought in the instant case.

III. But it is urged that the term in the circuit court had elapsed before the mandamus case was

brought, and that therefore these relators were out of
the circuit court, and for that reason were not reached
by this judgment in mandamus. In other
words, that the term having expired the
circuit court could not afterward act.
This contention we think unsound in view
of the latest expression of this court upon
the subject. It may be granted that by
reason of the lapse of the time or lapse of the term
the circuit court had lost its right to proceed against
these relators, yet that does not preclude this court
from directing that court to do at a later time the
thing which was refused at a time when it could have
been legally done by such court. In this regard our
power under the Constitution is broader than that of
the inferior tribunal, and if the lower court refuses to
act at a time when it could act, we can by our writ
direct such court to act, and our mandate becomes his
authority rather than the statute. Thus in State ex
rel. v. Gibson, 187 Mo. 536, we have a case wherein
Judge Gibson of the circuit court had refused to sign
a certain bill of exceptions within the time allowed.
In this situation mandamus was sued out here, and it
was urged that it would not lie because the time had
elapsed and Judge Gibson could not act, even under
the direction of this court. Discussing that proposi-
tion this court, In Banc, at page 550 of the opinion,
by unanimous voice said:

"Notwithstanding this is so, it does not follow
that because respondent had lost the power to settle
the bills of his own motion, or by consent, relators
were remediless on timely application here. No such
reproach can be imputed to the law as that an in-
jured suitor loses his right to an effectual appeal or
writ of error, by the inadvertent or capricious refusal
of a trial court to do its duty and create a receptacle
for errors and exceptions at a time when the inherent
power existed; because this court, either of its origi-

*[margin note:]* Mandamus: Brought After Expiration of Circuit Court Term.

nal or its appellate jurisdiction, by virtue of its constitutional superintending control, may *ex debito justiciae*, compel the doing of an act which a lower court has lost the power to do spontaneously. In State ex rel. v. Lewis, 71 Mo. 170, the time had expired for the Court of Appeals (under the former practice of appeal therefrom) to approve a bond in appeal and grant a *supersedeas*, it having refused a bond at the proper term under the mistaken notion that it had lost jurisdiction by prior order granting an appeal to this court, and Sherwood, J., speaking for the court, said: 'We are of the opinion, also, that it is a matter of no importance that the term has now passed during which the judgment of the Court of Appeals was rendered. An incident of this sort by no means divests the power of this court to afford that measure of relief which is applied for in the present instance.' State ex rel. v. Philips, 96 Mo. 570, was a case where the Court of Appeals had lost the power to certify a case here because of a lapse of the term at which it was decided, and Brace, J., speaking for the court, said: 'If it did not become its duty to certify the cause during the term, it could not become so afterward and after the term the court could not of its own motion certify and transfer the cause; but if it did during the term become its duty to do so, and they failed to discharge that duty, it is no answer to the writ of mandamus commanding them to perform that duty, to say that it was our duty under the Constitution to perform the act, during the term, we failed to perform that duty and now we have no power to act. The Supreme Court has power to command the performance of a neglected duty, and although your neglect has rendered you powerless to do it upon your own motion, its command carries with it the power to do the act required. The Constitution has placed no such restriction of time upon the exercise of its power to command the performance of neglected duty, and when that duty is

performed, under its mandate, it is by virtue of and in obedience to the power of that mandate and not *sua sponte,* by virtue of the power given by the Constitution which created the duty which has been neglected. The provisions of the Constitution enacted for the purpose of securing a prompt performance of a duty by prescribing a period of time within which it must be done, cannot be defeated by delay to perform that duty until the allotted time has expired. It does not follow because the court is forbidden on its own motion to transfer a cause after the term in which the decision was therein rendered, that they may not be compelled to do so by mandamus if it was their duty to transfer it during the term and they failed to do so.'

"These cases have been cited and approved in later cases (State ex rel. v. Smith, 107 Mo. 534; State ex rel. v. Public Schools, 134 Mo. 311; State ex rel. v. Smith, 172 Mo. 627-630), and must be regarded as settling the principles of law applicable to the question in hand.

"Treating, then, the request of relators to respondent to settle and sign the bills as of no vitality, treating the signing and filing of the bills by respondent on or about December 20, 1904, as a nullity, and regarding the bills the same as blank paper, we hold that relators are entitled to a peremptory writ unless their right to one is interfered with by some other recognized principles of law applicable to the facts of the case."

We declined the peremptory writ in the Gibson case upon another ground. We held that there was laches in making the application here, a question not rising here and could not have been raised in the mandamus case which we disposed of at a previous term. So that we say now that the circuit court refused to do what it should have done at a time when it could have acted; that in the mandamus case we have ad-

judged that fact; that our mandate in the mandamus case is now the constitutional legal basis of the circuit court's right, jurisdiction and power to proceed with the case before it, and that this mandate having conferred the power and the jurisdiction to hear the particular case, such court is now proceeding with a full power and jurisdiction both of the subject-matter and the parties, and we should not stop such proceeding by our writ of prohibition. The writ should be refused. It is so ordered. All concur, except *Woodson, J.,* not sitting.