THE STATE ex rel. EDWARD J. LAMPORT v. HARRIS ROBINSON, Judge of Circuit Court.

**In Banc, April 13, 1914.**

1. **MANDAMUS: Remedy by Appeal.** Mandamus may lie to compel an inferior court to hear and determine a cause or matter in issue of which it has jurisdiction but refuses to perform a plain legal duty. But when a circuit court has exercised its entire jurisdiction by fully hearing a cause and rendering final judgment therein, its errors committed during the trial must be corrected by appeal or writ of error, even though the trial was begun before a jury at one regular term and finished before the same jury at the next term.

2. ————: ————: **Trial Begun at One Term and Concluded at Another.** The remedy of a plaintiff, in his suit begun at one term, and, after the adjournment of court in course, concluded at the next term before the same jury, resulting in a final judgment for defendant, is by appeal or writ of error, and not by mandamus to compel the trial judge to replace the case on the docket and proceed to try it anew.

3. ————: ————: ————: **Bill of Exceptions.** And though the trial of the case was begun only a few days before the end of the term, against plaintiff's protest on the ground that it could not be concluded before the adjournment of the term by lapse of time, and though the trial judge on Friday con-

State ex rel. v. Robinson.

tinued the case to the next Monday when the next regular term by statute was required to begin, the plaintiff was, at any time before actual adjournment on Saturday, entitled to ask for an order granting him sufficient time to prepare and file such exceptions as he had saved at that term, and thereby prepare for his appeal.

## Mandamus.

WRIT DENIED.

*Martin J. O'Donnell* for relator.

(1) The circuit court was without jurisdiction to finish the trial at the May, 1913, term. State v. Jeffors, 64 Mo. 376; 12 Cyc. 271; 12 Ency. Pl. & Pr., p. 658; 24 Cyc. 263; Sec. 4015, R. S. 1909; Laws 1911, p. 174; Laws 1913, pp. 217-18; Rules of the Circuit Court, Jackson County, Mo. Sec. 3876, R. S. 1909, did not give the court and jury power to proceed with the trial. This statute was in force at the time of the decision in the Jeffors case, supra. (2) The rules of the circuit court of Jackson county have the force and effect of law and when a mistrial occurred by the discharge of the jury it was the duty of respondent, acting as judge of said court, to immediately return said case to the general docket. Rule 22, Circuit Court, Jackson County, Missouri; Laws 1913, pp. 211-12; Rigdon v. Ferguson, 172 Mo. 52; 2 Bouvier's Law Dictionary, p. 428. " 'Mistrial' is equivalent to no trial." Baird v. Railroad, 61 Iowa, 359. Rule 22 requires that, "whenever the trial of a case shall result in a mistrial, said case shall be immediately returned to the general docket." (3) The trial court having plainly erred on a point of practice in misapprehending its own rules, and also in misapprehending a plain rule of law, and thereby prevented a trial of the cause, mandamus will lie from the Supreme Court to remedy the error. State ex rel. v. Phillips, 97 Mo. 332.

*J. C. Rosenberger, Kersey Coates Reed* and *Rollin E. Talbert* for respondent.

(1) This is not a proper case for mandamus, irrespective of whether the rulings of the respondent were right or wrong. Mandamus will not lie to annul judgments, however erroneous. In such cases appeal or error are exclusive remedies. State ex rel. v. Thurman, 232 Mo. 130; State ex rel. v. Smith, 105 Mo. 6; Williams v. Judge, 27 Mo. 225; Dunklin County v. District Court, 23 Mo. 453; State ex rel. v. Court of Appeals, 87 Mo. 374; State ex rel. v. Lafayette County, 41 Mo. 225; State ex rel. v. Walker, 85 Mo. App. 247; State ex rel. v. Broaddus, 207 Mo. 124. (2) Relator since the institution of this suit, to-wit, November 6, 1913, has filed a motion before respondent judge to vacate the orders overruling his motions for a new trial and in arrest and for judgment *non obstante;* which motion is now pending before respondent, so that relator by said motion is now attempting to obtain in the circuit court all the relief he now asks in this court, and wherefore this mandamus should be refused. Relator cannot proceed both in the circuit court and in this court, especially by mandamus. By filing such motion to vacate, the relator has conclusively admitted that he has not exhausted his alleged remedy before respondent and for this reason alone mandamus should be denied. State ex rel. v. Weeks, 93 Mo. 499; State ex rel. v. Miller, 129 Mo. App. 390. (3) By express statutory enactment the ending of the term did not destroy the court's power to proceed with the trial, nor did it operate to discharge the jury. State v. Samuel, 3 Mo. 69; R. S. 1909, sec. 3876; Pike Co. v. Hammons, 129 Ind. 380; Sutherlin v. State, 150 Ind. 154; Machine Co. v. McCaffrey, 139 Ind. 558; People v. Warden, 117 App. Div. (N. Y.) 154, 192 N. Y. Supp. 374; Mapstrick v. Range, 9 Neb. 394; State v. Hasty, 76 S. C. 105; State v. McGinsey, 80 N. C. 377; Briceland

v. Commonwealth, 74 Pa. St. 463; Carroll v. Commonwealth, 84 Pa. St. 107.

BROWN, J.,—Mandamus to compel a division of the circuit court of Jackson County to return a case to the general docket of said court.

The facts upon which our alternative writ was issued in this case are as follows:

The respondent is the judge of division No. 9 of the circuit court of Jackson county, and in administering the duties of said office was governed by certain rules which had been theretofore adopted and promulgated by the several judges of the circuit court of said county sitting as a court *in banc*.

Rule 13 requires the clerk to place all cases on one general docket.

Rule 18 provides that the several judges of the circuit court of Jackson county shall select one of their number as presiding judge, who shall designate the cases to be heard in each division of said court.

"Rule 22. Assignment of Cases. At least two weeks before the beginning of each term, and as often thereafter as may be necessary, the presiding judge shall cause to be posted on the bulletin boards in the assignment division and the circuit clerk's office a notice requiring attorneys to file with the clerk of the assignment division on or before the date fixed in said notice a memorandum of each case at issue of which a trial is desired, between the numbers stated in said notice. A separate memorandum shall be filed for each case, and such memorandum shall contain the number and title of such case, and the attorneys of record of each of the parties thereto . . . The presiding judge shall, from time to time, make and cause to be posted as above, settings of the cases thus noted for trial. . . . All applications for continuance shall be made to the assignment division before assignment.

"Each case when assigned for trial shall be immediately tried or dismissed, unless for good cause arising or discovered after such assignment, it is continued by the judge of the division to which it is assigned, and shall thereupon be returned to the general docket. . . .

"Whenever the trial of a case shall result in a mistrial, said case shall immediately be returned to the general docket. This provision shall not, however, apply to any case in which an appeal is allowable on account of such mistrial.

"Whenever any case is listed for trial, that fact shall be noted by the clerk on the general docket."

"Rule 26. Trial Docket. Each division of the court of Kansas City shall have a trial docket in which shall be entered the cases as they shall be assigned to that division for trial, and after the assignment of a cause for trial to a particular division said division shall thereafter have exclusive jurisdiction thereof, unless transferred to another division or returned to the general docket."

Under the statutes the regular March term of the circuit court of Jackson county expired on Saturday, the 10th day of May, 1913, and the regular May term of said court convened on Monday, the 12th day of the same month.

On May 5, 1913, while the March term of division No. 9 of said court was in session, and while respondent, as judge of said court, possessed full jurisdiction of a case wherein the relator, Edward J. Lamport, was plaintiff, and the Aetna Life Insurance Company was defendant, relator called the attention of respondent to the fact that there was probably not sufficient time before the end of said March term to try said cause, and requested respondent not to impanel a jury in said last named cause, for the reason that, before the trial could be completed, the end of the term would effect the discharge of such jury, thereby causing a mistrial.

Respondent, as such judge, ignored relator's suggestion, impaneled a jury and ordered the parties to proceed with the trial of the aforesaid cause, to which action the relator excepted.

The jury was impaneled and the trial of the aforesaid cause proceeded with, before respondent and said jury, until Friday, the 9th day of May, 1913, when the further trial of said cause, before the same jury, was continued to Monday the 12th day of May, 1913 (the last named date being the time designated by law for the regular May term of said court to convene). Saturday, May 10, 1913, was consumed by respondent in hearing and disposing of motions in other cases pending in his court, and at the end of that day he finally adjourned said court to court in course. On May 12, 1913, the respondent convened the regular May term of said division No. 9 of the circuit court of Jackson county, whereupon relator moved the respondent to make an order discharging the petit jury, which had theretofore been impaneled and sworn in the case of Lamport v. Insurance Co., and to return the case to the general docket, for the reason that the expiration of the March term of said court had rendered the persons constituting the jury ineligible to further serve in that capacity, thereby resulting in a mistrial of the case within the purview of Rule 22, hereinbefore set out. This motion was by respondent overruled, and the parties ordered to proceed with the trial of the cause before the jury selected and sworn at the March term, to which order relator excepted.

The said cause of relator against the Aetna Life Insurance company was then proceeded with from day to day until May 17, 1913, when a verdict was rendered in favor of defendant by nine of the jurors selected at said March term, 1913.

Upon the coming in of the aforesaid verdict the relator filed a motion praying the respondent to render judgment in favor of relator, notwithstanding the ver-

dict of the jury, which last named motion was by respondent overruled, and relator excepted.

Relator, in a timely manner, also filed a motion for new trial, with affidavits in support thereof; also a motion in arrest of judgment, which motions for new trial and in arrest were continued until the September term, 1913, of respondent's said court, and on the 17th day of September, 1913, were overruled, to which ruling relator excepted.

Relator did not voluntarily take part in the trial of his case against the Aetna Life Insurance Company after the end of the March term, 1913, but participated in the trial after that date under coercion of respondent and to avoid a dismissal of the case.

Relator alleges, generally, that he exhausted all means and methods known to him under the law before suing out the writ of mandamus from this court.

It further appears by supplemental return of respondent that since this action was begun in this court, relator has filed in the circuit court, over which respondent presides, a motion to set aside its order overruling relator's motion for new trial.

I. Relator contends (1) that as the jury which returned the verdict against him had been impaneled and sworn at the March term, 1913, such jury became *functus officio* when the March term ended, and was, therefore, wholly without power to return a valid verdict at the succeeding May term. (2) That the respondent, sitting as judge of said division No. 9, should have declared the failure of the jury to return a verdict during the March term a mistrial and have returned the cause to the general docket. (3) Relator further asserts that we should now compel respondent by mandamus to return said case to the general docket of the Jackson Circuit Court notwithstanding respondent has entered

Mandamus:
Appeal.

a final judgment, or, at least, what purports to be a final judgment, in said cause.

We hold that relator has misconceived his remedy. Mandamus often lies from this court to compel an inferior court to hear and determine a cause or matter in issue when the inferior court possesses jurisdiction to act in the premises but refuses to perform a plain legal duty. [State ex rel. Schonhoff v. O'Bryan, Judge, 102 Mo. 254; State ex rel. v. Gibson, 187 Mo. 536; State ex rel. v. Grimm, 220 Mo. 483; State ex rel. v. Broaddus, 234 Mo. 331.]

However, when a circuit court has exercised its entire jurisdiction by fully hearing a cause and rendering final judgment therein its errors committed during the trial must be corrected by appeal or writ of error. There is quite a well-settled rule of law in this State that the writ of mandamus is not available for the correction of errors committed by the circuit court in cases where such errors may be reviewed and corrected by appeal. [State ex rel. v. Lubke, 85 Mo. 338; State ex rel. v. Fort, 180 Mo. l. c. 109; State ex rel. v. Thurman, 232 Mo. 130, l. c. 164.]

Relator, however, insists that he cannot secure redress by appeal in this cause, for the reason that part of the trial was had at the March term, 1913, and the remainder at a succeeding term of the same year. This contention is untenable. Section 2029, Revised Statutes 1909, provides that the trial court may grant time for preparing, settling and filing exceptions. There was nothing to prevent the relator from securing from the trial court an order granting him sufficient time to prepare and file such exceptions as he saved at the March term, 1913. Then, after the final judgment at the succeeding May term, he could have embraced all the exceptions saved at both terms in one bill of exceptions, and thereby have literally complied with the last clause of section 2029, Revised Statutes 1909, directing that all exceptions taken during the trial of

a cause before the same jury shall be embraced in one bill of exceptions.

Section 2028, Revised Statutes 1909, does not mean that a term bill of exceptions must be actually signed and filed. at the very term when the exceptions were saved. Section 2029, supra, modifies section 2028 so as to warrant the filing of a term bill of exceptions at a subsequent term if time be granted therefor by the court; and though the term bill be made a part of the final bill, it will be sufficient if filed within the time granted by the court for filing such term bill. [Barber Asphalt Paving Co. v. Ullman, 137 Mo. 543, l. c. 564.] By what is here said we do not wish to be understood as holding that term bills of exceptions must be made a part of the final bill. It seems to be the practice of this court to consider separate bills of exceptions if each be settled and filed within the time prescribed by law or within the time allowed by the court. [Campbell v. Boyers, 241 Mo. l. c. 432.]

II.   Since we have reached the conclusion that the alleged errors from which relator is seeking to secure relief by mandamus should be reviewed by appeal, it is not appropriate for us to express in this case any opinion regarding the action of the trial court in continuing the cause from the March term to the May term, and using the same jury in the trial of the case at each term. The point has been ably briefed by both parties, and, with the hope of ending the controversy, we are strongly tempted to pass upon the matter now, but should we do so what we might say would be only *obiter* and possess no binding force as a precedent. [Koerner v. St. Louis Car Co., 209 Mo. 141, l. c. 156; Lyons v. Surety Co., 243 Mo. l. c. 620.] The pleadings have been so framed in this cause as to show that certain exceptions were saved by relator in his action against the Aetna Life Insurance Company during the progress of that trial,

*Obiter.*

and should we pass upon those exceptions in this original action it would encourage other litigants to apply to us for original writs to correct pure matters of error occurring during trials, and thereby further consume time which we should devote to the hearing of cases that have been appealed in an orderly manner. Litigants should not thus be given a preference one over the other in securing a hearing of their causes. When the Constitution or law does not otherwise direct, every litigant should take his turn at the judicial mill.

Finding that our alternative writ in this cause was improvidently issued, it will be quashed and the absolute writ prayed for by relator will be denied. It is so ordered. All concur.